964 P.2d 359 (1997)
Barbara E. BOWER, Appellant,
v.
David McKim REICH, Respondent.
No. 39813-0-I.
Court of Appeals of Washington, Division 1.
November 24, 1997.
As Amended on Denial of Reconsideration January 29, 1998.[*]
*360 Paul Seligmann, Seattle, for Appellant.
James Schermer, Seattle, for Respondent.
*361 BECKER, Judge.
Under the Parenting Act of 1987, as In Re Littlefield recently held, a trial court entering an initial parenting plan may not "order a primary residential parent to live in a particular geographic area in order to facilitate frequent contact between the child and the other parent".[1] Guided by Littlefield, we hold a primary residential parent may invoke the "minor modification" provision of the Parenting Act when seeking court permission to move with the child to another state.
Erica Bower Reich was born in 1989, the only child of the marriage of Barbara Bower and David Reich. In 1992 that marriage was dissolved. Erica's parents agreed to a parenting plan under which Barbara Bower is Erica's primary residential parent. The plan calls for Erica to reside with her father four days out of every two weeks, and to split her summers and other vacation time equally between her two parents. Her father's residence in Seattle is about 20 minutes away from where she lives with her mother. Both parents have adhered to the parenting plan, and Erica, now eight years old, is by all accounts a happy and healthy child.
With hopes of pursuing a career and improving the financial position of herself and Erica, Barbara Bower applied, and was accepted, to a graduate program at the Davis campus of the University of California. Recognizing that moving out of state would require a change in Erica's residential schedule, Bower petitioned the court for permission to make the move. She invoked the statute that allows a court to order a "[m]inor modification in the residential schedule"[2] without finding a substantial change in circumstances of either the nonmoving party or the child. Bower proposed Erica reside with her in Davis, but fly to Seattle to visit Reich at least one weekend every month. Under her proposal, holidays would be split evenly between the parents, and Erica would reside with Reich for four weeks during the summer. The proposed plan would reduce Reich's time with Erica about one-third, from approximately 120 days per year to approximately 80 days per year, not considering travel time.
In support of her petition, Bower claimed only Davis offered a program consistent with her educational background and career goals. She also said she wanted to live closer to her mother, who is a source of financial and emotional support, and other family members who live in the Davis area or nearby. Bower said her reasons for moving were based on "the long term needs and interests of Erica and me with recognition of [Reich's] rights and responsibilities as Erica's father." She submitted the declarations of family members and teachers who thought Erica would have no trouble adapting to life in California.
Erica's father, David Reich, opposed the petition. He claimed Bower had recently moved with Erica from the Capitol Hill area of Seattle to outlying Edmonds, disrupting Erica's school relationships. Another move to California would not be in Erica's best interests, according to Reich, because it would disrupt not only her school relationships, again, but also her relationship with half-brothers and -sisters in Seattle. Reich calculated the move would actually cut Erica's residential time with him in half, not just by a third, considering travel time. He argued the proposal was not a "minor"[3] modification to the parenting plan, and that Bower had not met the statutory requirements for allowing a modification which is not minor.[4] Reich did not propose any other plan to accommodate Bower's desire to attend graduate school in California, nor did he petition for a modification allowing him to become the primary residential parent instead of Bower.
*362 He contended the plan then in effect should remain in effect.
A superior court commissioner considered the petition as one for a minor modification. The commissioner issued an order finding adequate cause to hear it, and also entered as a temporary order the parenting plan proposed by Bower. The commissioner found the proposal was:
a minor modification under RCW 26.09.260(4)(b)(i) and (iii). Mother's move to California is in the best interest of the child because it would be contrary to the child's interest for the mother to move without her and it is in both the mother's interest and the child's interest for the mother to go to school to increase her earning capacity.
Reich moved for revision. Upon hearing the motion, a superior court judge concluded a move of the primary residential parent from Washington to California was not "minor" within the Legislature's intended meaning of "a change of residence".[5] The court vacated the commissioner's orders. Barbara Bower appeals from this ruling and seeks reinstatement of the commissioner's orders.
We do not reach the parties' constitutional arguments regarding the right to move because this case can be resolved on statutory grounds.[6]

ADEQUATE CAUSE FOR MINOR MODIFICATION
The procedure relating to modification of a parenting plan is statutorily prescribed. Compliance with the statutory procedures is mandatory.[7] Before a petitioner is entitled to a full factual hearing on a petition, he or she must first demonstrate that "adequate cause" exists to modify the permanent parenting plan.[8] This threshold determination requires a petitioner to set forth specific factual allegations, which if proven would permit a court to modify the plan under RCW 26.09.260.[9]
RCW 26.09.260 sets forth in section 1 a general standard for modification of a parenting plan:
(1) Except as otherwise provided in subsection (4) of this section, the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interests of the child and is necessary to serve the best interests of the child.
(Emphasis added.)
Section 2 of RCW 26.09.260 establishes a presumption against changing a previously decreed residential schedule:
(2) In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless:
(a) The parents agree to the modification;
(b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;
(c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child; or
(d) [Contempt provision.]
Sections 1 and 2 establish a preference for stability in a child's living arrangements, absent specific circumstances relating to the best interests of the child. Section 4(b) of the statute, however, is an express exception, *363 allowing the court the flexibility to make a "minor" modification to a child's residential schedule in some situations:
(4) The court may order adjustments to a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) of this section, if the proposed modification is only a:
...
(b) Minor modification in the residential schedule that:
(i) Does not change the residence the child is scheduled to reside in the majority of the time; and
(ii) Does not exceed twenty four full days in a calendar year or five full days in a calendar month; or
(iii) Is based upon a change of residence or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow.[[10]]
Bower contends her requested interstate relocation qualifies as a "change of residence" under subsection 4(b)(iii), supporting the commissioner's decision to treat her petition as one for a minor modification. The court below granted Reich's motion to revise the commissioner's ruling, reasoning that the Legislature could not have intended "change of residence" to include a relocation involving a change in residency to another state. Reich contends the court below reasonably interpreted the statute as limiting minor modifications to intrastate changes of residence.
This court reviews issues of statutory interpretation de novo.[11] An unambiguous statute requires no interpretation.[12] RCW 26.09.260(4)(b)(iii) unambiguously provides that a change of residence is a minor modification. The statute does not limit the change of residence to a relocation within the state's boundaries. We cannot rewrite the plain words "change of residence" to read "change of residency to another state."
Reich additionally argues it is not enough to fit within the statutory criteria for a minor modification set forth in section (4)(b)(i) and (ii), or in (4)(b)(iii). The word "minor" itself, Reich contends, imposes an additional element. He claims the move to California would result in a major reduction in his residential time with Erica. Therefore, he argues, the trial court correctly concluded the proposed modification was not "minor" even though it does satisfy the letter of section (4)(b)(iii): "a change of residence... which makes the residential schedule in the parenting plan impractical to follow." We reject Reich's argument. The requirements listed in subsections (i), (ii) and (iii) explain what the Legislature considered to be minor modifications. The statute provides no other criteria by which to determine whether a proposed modification is minor. Although a move out of state and away from the non-residential parent is undoubtedly a major event in a young child's life, the statute contemplates that a "substantial change in circumstances of either parent or of the child" can, in the circumstances defined by subsection (4)(b), be addressed through a minor modification of the parenting plan. And the statute expressly provides that one of the circumstances permitting a minor modification to a parenting plan is a "change of residence ... which makes the residential schedule in the parenting plan impractical to follow."[13]
In reaching this conclusion we are guided by our Supreme Court's recent decision in Marriage of Littlefield,[14] holding the trial court lacks statutory authority under the Parenting Act[15] to restrict the geographical *364 area in which a parent may live following dissolution of the parents' marriage.[16]Littlefield involved a parenting plan for Heather, the daughter of Charissa and Edmund Littlefield, entered at the time of dissolution. When the parenting plan was entered, Charissa was living in California with Heather, and Edmund lived in Arlington, Washington. The trial court entered a parenting plan that designated Charissa the primary residential parent, but ordered her to move back to Washington and live within one hour of Edmund's residence. The Supreme Court, discovering no statutory authority for the geographic restriction, reversed the order. In doing so, the court recognized that a dissolution of marriage necessarily means the parents will rebuild their lives separate from each other, and that dissolution predictably results in hardships on a child such as travel and infrequent contact with a parent.[17]
Under Littlefield, a court may restrict a parent from moving only after finding the child would suffer more distress than normally attends the hardships of travel and distance from a parent. To the same extent that a court lacks authority to impose a geographical restriction upon a parent's residence at the time of dissolution, it similarly lacks authority to impose such a restriction when modifying the decree. And because a court ordinarily has no authority under the Parenting Act to restrict the primary residential parent's choice of residence, a proposed move otherwise qualifying as a minor modification of a parenting plan does not become elevated to a major modification merely by virtue of distance or crossing state lines.
Barbara Bower proposed a modification of the parenting plan based on a "change of residence ... which makes the residential schedule in the parenting plan impractical to follow." She thereby satisfied the statutory requirements to have her petition heard as a minor modification. She did not have to allege a substantial change in the circumstances of either Erica or Erica's father, as would have been required if she proceeded under RCW 26.09.260(1); it was enough that she showed a substantial change in her own circumstances[18]the opportunity to go to graduate school at Davis. And she did not have to allege that Erica's present environment was detrimental, or that the harm likely to be caused by the move was outweighed by the advantages of the move to Erica, as would have been required if RCW 26.09.260(2) were applicable. The commissioner to whom Bower presented her petition appropriately concluded that Bower had established adequate cause to have her petition heard.

TEMPORARY ORDER
In addition to the order on adequate cause, the commissioner also entered a temporary order embodying a parenting plan substantially as Bower had proposed and authorizing her to move Erica to California pending further court order. This order too was vacated upon the motion for revision, and Bower seeks its reinstatement.
Reich contends that even if Bower is entitled to a trial on her petition, RCW 26.09.270 provides no authority for a temporary order changing the existing parenting plan pending that trial. RCW 26.09.270 provides:
A party seeking a temporary custody order or a temporary parenting plan or modification of a custody decree or parenting plan shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.
RCW 26.09.270 establishes the affidavit procedure for presenting motions for certain orders, including a motion for a "temporary parenting plan". We hold this term includes a temporary parenting plan sought to be *365 imposed while a petition for modification is pending a full hearing. In light of the Parenting Act's guiding concern for the best interests of the child, it would be absurd to hold that a court has no discretion to change a child's living arrangements until a full trial can occur.
Reich further contends, however, that a temporary modification order "should not issue automatically" simply because the court finds adequate cause to hear the petition. He argues he will be almost irreversibly prejudiced at trial if Erica and her mother are allowed to relocate to California under a temporary modification order. We agree that the entry of a modification order is discretionary rather than automatic, but we find no abuse of the commissioner's discretion in this matter. The thrust of Reich's argument has been that Bower's proposal did not meet the statutory requirements permitting modification, and therefore both Bower and Erica must remain in Washington to comply with the existing parenting plan. That argument, as discussed above, is unpersuasive in light of Littlefield. Aside from that argument, Reich did not quarrel with the details of Bower's proposed California plan, nor did he allege that Erica would suffer distress other than the disruption of relationships that such a move inevitably entails. Barbara Bower demonstrated to the satisfaction of the commissioner as generally required by RCW 26.09.002 that the modification was in Erica's best interest. It was within the commissioner's discretion to approve the move as a temporary modification.
Bower has requested an award of her statutory costs and attorney fees on appeal. Factors considered with respect to such an award include the arguable merit of the issues on appeal and the financial resourcers of the respective parties.[19] Since there was merit to the positions of both sides, the focus must be on the parties' relative need and ability to pay.[20] In this ongoing case, the trial court is in a better position to evaluate the financial situations of both parties, and we therefore include in our remand to the trial court the task of deciding whether Reich should pay all or a portion of Bowers' fees and costs in this appeal, and if so, to decide the amount that is reasonable.
We reverse the order of the superior court judge; reinstate the commissioner's order on adequate cause and temporary parenting plan; and remand for setting a new trial date for Bower's petition for modification.
COLEMAN, J., concurs.
AGID, Judge (concurring).
I concur in the majority's reasoning and result. I write separately only to point out that Mr. Reich is probably correct about one thing: the Legislature was not contemplating moves to far away places when it enacted section RCW 26.09.260(4)(b). But the distinction between intra- and interstate moves is not persuasive. A move to Spokane would be farther away from Seattle than a move out of state to Portland, Oregon. If the Legislature meant to limit the changes of residence it considers a "minor" modification, it did not say so. The majority correctly reads the statute.
NOTES
[*] Editor's Note: This opinion was originally published at 946 P.2d 1216. It is published here as amended.
[1] In re Marriage of Littlefield, 133 Wash.2d 39, 41, 940 P.2d 1362 (1997).
[2] RCW 26.09.260(4).
[3] See RCW 26.09.260(4)(b).
[4] See RCW 26.09.260(1) and (2).
[5] RCW 26.09.260(4)(b)(iii).
[6] See Anderson v. City of Seattle, 123 Wash.2d 847, 853, 873 P.2d 489 (1994).
[7] In re Marriage of Shryock, 76 Wash.App. 848, 852, 888 P.2d 750 (1995).
[8] RCW 26.09.270; In re Marriage of Mangiola v. Mangiola, 46 Wash.App. 574, 577, 732 P.2d 163 (1987).
[9] RCW 26.09.270; In re Marriage of Mangiola, 46 Wash.App. at 577, 732 P.2d 163.
[10] RCW 26.09.260(4).
[11] King County Fire Protection Districts v. The Housing Authority of King County, 123 Wash.2d 819, 825, 872 P.2d 516 (1994).
[12] Bravo v. The Dolsen Companies, 125 Wash.2d 745, 752, 888 P.2d 147 (1995).
[13] RCW 26.09.260(4)(b).
[14] In re Marriage of Littlefield, 133 Wash.2d 39, 940 P.2d 1362 (1997).
[15] Laws of 1987 c. 460 (as subsequently amended) (codified primarily throughout RCW 26.09).
[16] Littlefield, 133 Wash.2d at 39, 940 P.2d 1362.
[17] Littlefield, 133 Wash.2d at 55, 940 P.2d 1362.
[18] See RCW 26.09.260(4).
[19] In re King, 66 Wash.App. 134, 139, 831 P.2d 1094 (1992).
[20] See In re Shellenberger, 80 Wash.App. 71, 87, 906 P.2d 968 (1995).