44 P.3d 860 (2002)
111 Wash.App. 9
In re the Marriage of Suzanne Marie WAGNER, Appellant,
v.
Wesley J. WHEATLEY, Respondent.
No. 19129-0-III.
Court of Appeals of Washington, Division 3, Panel Two.
March 7, 2002.
Publication Ordered April 9, 2002.
*861 Tracy S. Collins, Spokane, for Appellant.
Patricia J. Chvatal, Felsted, Heye, Nickola & Chvatal, Richland, Sharon M. Brown, Tri-Cities, for Respondent.
KATO, J.
The superior court in this case ordered a temporary change in the custody of four-year-old Hailey Wheatley to Wesley J. Wheatley, her father, at the same time it found her mother, Suzanne Marie Wagner, in contempt of court for interfering with Mr. Wheatley's visitation rights. We reject Ms. Wagner's claims on appeal that (1) she did not receive notice of the contempt hearing or that the court might order a temporary change in custody at that hearing, and (2) the court did not consider the best interests of the child. We therefore affirm.
Suzanne Wagner and Wesley Wheatley are divorced. The dissolution decree gave Ms. Wagner custody of their young daughter, Hailey. Mr. Wheatley had visitation rights. However, shortly after entry of the dissolution decree, Ms. Wagner became convinced that either Mr. Wheatley or some other person was sexually abusing Hailey during her visits with her father. Child Protective Services investigated the allegation and determined it was unfounded. Nevertheless, Ms. Wagner refused to turn over the child to Mr. Wheatley at his scheduled visitation times because Hailey cried, clung to her, and did not want to go with her father. A superior court commissioner found her in contempt on more than one occasion for this conduct.
On December 9, 1999, Mr. Wheatley filed a petition to modify the parenting plan to change custody of Hailey to him. Ms. Wagner's attorney filed a response to that petition on January 5, 2000. The response denied Mr. Wheatley's allegations. In a separate pleading filed on December 8, 1999, Mr. Wheatley had asked the court to hold Ms. Wagner in contempt for failing to provide him visitation with Hailey. In the court's order finding Ms. Wagner in contempt, entered on December 15, the court stated that if Ms. Wagner again interfered with Mr. Wheatley's visitation rights, it would order her arrest and that "while [she was] in jail, Mr. Wheatley [would] have custody [of Hailey]." Report of Proceedings *862 (RP) (December 15, 1999) at 52; Clerk's Papers (CP) at 165 (Emphasis added).
On December 30, 1999, Mr. Wheatley again moved for an order to show cause why Ms. Wagner should not be held in contempt of court for her failure to allow him visitation on the dates the court had ordered in December. On previous occasions, Ms. Wagner and Hailey met Mr. Wheatley at the arranged times, and Ms. Wagner had simply refused to turn Hailey over to him on the grounds that the child did not want to go. But on these latter dates in December 1999, neither Ms. Wagner nor Hailey appeared at the scheduled transfer times.
Ms. Wagner likewise did not appear at the show cause hearing that was held on January 7, 2000. At the hearing, Mr. Wheatley's lawyer advised the court that Ms. Wagner had not shown up with the child at the transfer times for the three different visitation dates in December. She stated her belief that Ms. Wagner had fled with Hailey. The lawyer had learned that Ms. Wagner's older child was staying with Ms. Wagner's parents, who refused to say where Ms. Wagner could be contacted.
Ms. Wagner's lawyer stated that her last contact with her client was before she received the order to show cause for the January 7 hearing. She mailed the notice of the order to show cause to Ms. Wagner's last known address. Nevertheless, she argued that the superior court had no jurisdiction to consider Mr. Wheatley's motion because Ms. Wagner had not been personally served. She objected to "any signing of [a] temporary order regarding change of custody at this point in time, based upon lack of notice to my client, [and] also based upon any lack of reasoning for that change of custody." RP at 12.
The court noted that the file contained the affidavit of Mr. Wheatley's lawyer that she had mailed the above-described order to show cause and notice of the January 7, 2000 hearing to Ms. Wagner at her address on December 30. The file also contained the affidavit of D.P. Navejar that he delivered a copy of the pleadings to Ms. Wagner's attorney on December 30. Mr. Navejar also attested to his attempts to serve Ms. Wagner with those pleadings. On December 31, 1999, and on January 1, 2000, he attempted to serve Ms. Wagner at her residence, but no one was home. He returned on January 2 and posted the documents on the front door of Ms. Wagner's residence. Mr. Navejar drove by Ms. Wagner's home on January 4, saw lights on in the house and figures inside, and also saw that the papers he had left at the door two days before were no longer visible there. The court stated that the rules recognize these circumstances as constituting adequate service.
The court entered the following oral ruling:
We've had two, three prior contempt hearings. I've held her in contempt on two occasions now for her failing to comply with the Court order in regards to visitation. I thought I made myself very clear to your client the last time she was in court that she needed to do everything within her power to facilitate visitation. I think she understood what I was saying, and I further advised her that her continued behavior was going to result in her being incarcerated and custody being given to her husband, at least during the time that she was in jail.

We have a situation where she has denied again visitation. This time she has probably left the county or fled or is hiding somewhere. No doubt that she has denied intentionally the visitation in this particular case. And I look at what's in the best interests of the child. The denial of the visitation, the interference of that visitation with Mr. Wheatley on repeated occasions is a basis under the statute for change of custody.
My ruling is temporary change of custody until we can address all of the myriad of issues as to why she failed to provide visitation and what's going on here. But until that time Mr. Wheatley will have the custody of the child, and I do that for the fact that if and when she is apprehended the child's going to have to go somewhere. Given the noncooperation by her mother and her father [Ms. Wagner's parents], I don't want the child to go back to them.

*863 And it seems most appropriate that the child go to Mr. Wheatley who's the other responsible parent in this matter.
[The][c]hild can't go to jail. [The][c]hild shouldn't go to jail. [The][c]hild goes to the other parent until such time as we can sort this out. That way when the police apprehend her they'll know, because she'll probably have the child with her or in close proximity, they'll know where the child goes, so they won't wonder, "Does the child go to her parents? Does it go to Ms. Chvatal? Does it go to you?" No, the child is going to go with the father. That's where the child needs to be until such time as Ms. Wagner can appear back in court.
I've signed the order on contempt. I've signed the order ordering the immediate change of custody to Mr. Wheatley. And I'm going to put "temporary" and insert the word "temporary" in so everybody understands it's not a permanent change of custody.
There is adequate cause for that change at this time given her behavior.
RP (January 7, 2000) at 13-14.
The court commissioner issued a bench warrant for Ms. Wagner, who had apparently absconded with Hailey, and transferred temporary custody of Hailey to Mr. Wheatley. Ms. Wagner was arrested on April 19, 2000. Two years later, Mr. Wheatley continues to have custody of Hailey, pursuant to this initial temporary custody order and numerous subsequent orders confirming temporary custody.
Ms. Wagner unsuccessfully moved the superior court to revise the court commissioner's decision. She then filed this appeal.
A. Appealability of Order for Temporary Change in Custody.
We first address Mr. Wheatley's contention that the order changing Hailey's custody temporarily to him while Ms. Wagner was incarcerated was not a final order and, therefore, was not appealable under RAP 2.2.
Mr. Wheatley relies upon In re Marriage of Greenlaw, 67 Wash.App. 755, 759, 840 P.2d 223 (1992), rev'd on other grounds, 123 Wash.2d 593, 869 P.2d 1024 (1994). There, the mother appealed an order granting temporary custody of her son to Mr. Smith, the child's father. Mr. Smith countered that the order granting temporary custody was not appealable as a final judgment. See RAP 2.2(a). The court agreed, stating that "[b]ecause a temporary custody order leaves open the question of permanent legal custody, it does not end the litigation and is not, in our opinion, a final judgment." Greenlaw, 67 Wash.App. at 759, 840 P.2d 223. However, the court held that discretionary review under RAP 2.3 was appropriate, for the following reasons: "[T]he orders ... had a substantial impact on the status quo, not to mention the lives of Smith, Greenlaw and their child. That is made manifest by the fact that it has been over 1 year since the commissioner ... entered the temporary order and yet no final hearing has been scheduled...." Id. at 760, 840 P.2d 223.
The facts here are distinguishable from Greenlaw. The court entered the temporary change of custody to Mr. Wheatley contemporaneously with the contempt order and judgment.[1] An adjudication of contempt is appealable if it is a final order or judgment; i.e., the contumacythe party's willful resistance to the contempt orderis established, and the sanction is a coercive one designed to compel compliance with the court's order. See Seattle N.W. Sec. Corp. v. SDG Holding Co., 61 Wash.App. 725, 732-33, 812 P.2d 488 (1991) (citing Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n, 41 Wash.2d 22, 246 P.2d 1107 (1952)). In this case, the facts supported the court's finding that Ms. Wagner had withheld visitation after repeated directions by the court to cooperate with the father's exercise of that right. And, the sanction of imprisonment and a temporary loss of custody was designed to compel her compliance.
*864 We hold that the court orders of January 7, 2000 were final and appealable as a matter of right in these circumstances.
B. Propriety of Order Directing Temporary Change in Custody.
(1) Notice.
Ms. Wagner argues that the January 7, 2000 order directing a temporary change in Hailey's custody to Mr. Wheatley was entered without notice to her.
As set forth above, Mr. Wheatley served Ms. Wagner's attorney with the notice to show cause on December 30, 1999. CR 5(b) provides that service of pleadings and other papers subsequent to the summons and complaint shall be on the party's attorney, if the party is represented by an attorney, unless the court orders otherwise. CR 6(d) provides that "[a] written motion ... and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing[.]" Service on Ms. Wagner's attorney was properly accomplished here. We also note that every attempt was made to serve Ms. Wagner personally. The process server left the papers at Ms. Wagner's residence on his third attempt to contact someone there, and Mr. Wheatley's attorney mailed the papers to Ms. Wagner, as well.
The motion and notice of show cause did not specifically state that the court would consider placing Hailey with Mr. Wheatley temporarily while Ms. Wagner was incarcerated. But the motion generally asked for "any ... relief ... appropriate under Chapter 7.21 RCW, Chapter 26.09 RCW...." CP at 164. And, when the parties were both in court earlier in December, the court itself told Ms. Wagner that any further interference by her in Mr. Wheatley's visitation rights would result in her arrest and the transfer of Hailey's custody to Mr. Wheatley temporarily. We therefore hold that Ms. Wagner received the notice she was due under the statutes and court rules of the state of Washington.
(2) Best Interests of Child.
Ms. Wagner also argues that the superior court's order temporarily changing custody to Mr. Wheatley did not find that a change in custody was in the best interests of the child. She relies upon RCW 26.09.260(1), which states that the court cannot modify a prior custody decree absent a change of circumstances and a finding that the modification is in the child's best interests. See also In re Marriage of Shryock, 76 Wash.App. 848, 852, 888 P.2d 750 (1995).
However, the applicable statute here is RCW 26.09.270, which provides that the court has authority to enter temporary orders: "A party seeking a temporary custody order ... shall submit together with his motion, an affidavit setting forth facts supporting the requested order ... and shall give notice ... to other parties...." If the court finds adequate cause for hearing the motion, "it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted." RCW 26.09.270.
In Bower v. Reich, 89 Wash.App. 9, 964 P.2d 359 (1997), the court upheld a temporary order entered under RCW 26.09.270. There, the mother had petitioned for a modification of the parenting plan, asking that she be allowed to move out of state with the parties' child. The superior court entered as a temporary parenting plan the modification requested by the mother. On appeal, the court considered RCW 26.09.270, and held that "[i]n light of the Parenting Act's guiding concern for the best interests of the child, it would be absurd to hold that a court has no discretion to change a child's living arrangements until a full trial can occur." Bower, 89 Wash.App. at 19, 964 P.2d 359. The Supreme Court has expressly approved the holding in Bower. See In re Marriage of Pape, 139 Wash.2d 694, 715, 989 P.2d 1120 (1999).
Here, the essence of the court's order for a temporary change in Hailey's custody is no different than that of the court order reviewed in Bower. Mr. Wheatley had a petition for change of custody pending. And the court understandably was concerned about Hailey's residential placement while Ms. *865 Wagner was in jail for contempt. The court appropriately ordered a temporary change in child custody.
C. Attorney Fees.
Mr. Wheatley asks this court to award him attorney fees on appeal. He contends Ms. Wagner's appeal was frivolous, as set forth in RAP 18.9 and CR 11, and that the court should sanction Ms. Wagner by ordering her to pay Mr. Wheatley's attorney fees. Alternatively, he contends the court should award him fees based upon RCW 26.09.140, which requires the court to consider the financial resources of both parties prior to making such an award.
In determining whether an appeal is frivolous, the court considers the following factors:
(1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.
Delany v. Canning, 84 Wash.App. 498, 510, 929 P.2d 475 (citing Streater v. White, 26 Wash.App. 430, 435, 613 P.2d 187, review denied, 94 Wash.2d 1014 (1980)), review denied, 131 Wash.2d 1026, 937 P.2d 1101 (1997).
Applying these factors, we conclude that Ms. Wagner's appeal is frivolous. We therefore grant Mr. Wheatley's request that Ms. Wagner pay his attorney fees on appeal. The matter will be set on the commissioner's docket to determine the exact amount of the attorney fees award. See RAP 18.1(f).
Affirmed.
WE CONCUR: BROWN, A.C.J., and SCHULTHEIS, J.
NOTES
[1] The court entered two documents on January 7, 2000, as follows: (1) Order on Show Cause Re: Contempt/Judgment, and (2) a handwritten order on the last page of Mr. Wheatley's Motion and Declaration for Temporary Order. The handwritten order stated that "[t]he [court] orders the immediate temporary custody of Hailey Wheatley shall be given to father pending show cause hearing." CP at 156.