# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 75377-1-I |
| | ) | |
| CAROLINE MARIA VAUGHAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATHANIEL THOMAS CAYLOR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: October 2, 2017 |

VERELLEN, C.J. — In February 2016, Carrie Vaughan was found in contempt for violating the parenting plan. At a review hearing in May, the trial court found that Vaughan had failed to purge the contempt and awarded attorney fees to Nathaniel Caylor. Because the record before us does not reveal an independent analysis concerning the reasonableness of attorney fees or adequate findings to explain the award, we remand for entry of additional findings.

## FACTS

Vaughan and Caylor have one child in common. In February of 2016, Vaughan was found in contempt for violating the parenting plan by engaging in unilateral decision making and interfering with Caylor's access to information. The King County Superior Court set a reviewing hearing for May 24, 2016.

Caylor filed a new motion for contempt alleging that Vaughan continued to engage in unilateral decision making before the review hearing. The court denied Caylor's new motion but found that Vaughan had failed to purge the February contempt, and awarded Caylor $4,500 in fees.

Vaughan appeals.

## ANALYSIS

### *Appealable Final Judgment*

Caylor suggests this matter is not appealable under RAP 2.2 but does not provide any meaningful authority or argument. Generally, an order on show cause is an appealable final order if "'the party's willful resistance to the contempt order [ ] is established, and the sanction is a coercive one designed to compel compliance with the court's order.'"[1] An enforceable judgment for attorney fees in such a contempt proceeding would seem to qualify as a final judgment under RAP 2.2(a)(1). But lacking any meaningful briefing on the issue, we decline to address Caylor's contention.

### *Attorney Fees and Costs*

Vaughan contends the trial court abused its discretion in calculating the attorney fee amount.

We review a trial court's determination of reasonableness of attorney fees for abuse of discretion.[2] To determine a reasonable attorney fee, the court "begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the

---

[1] See In re Estates of Smaldino, 151 Wn. App. 356, 363, 212 P.3d 579 (2009) (quoting In re Marriage of Wagner, 111 Wn. App. 9, 15-16, 44 P.3d 860 (2002)).

[2] Berryman v. Metcalf, 177 Wn. App. 644, 656-57, 312 P.3d 745 (2013).

litigation multiplied by a reasonable hourly rate."[3] The court must also segregate and "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."[4]

The party requesting the fee must provide reasonable documentation of the work performed.[5] But the court must conduct "an independent evaluation of the reasonableness of the fees" and cannot simply rely on the billing records and pleadings of the prevailing party.[6] "Meaningful findings and conclusions must be entered to explain an award of attorney fees."[7] "The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis."[8]

Here, the two declarations provided by Caylor's counsel provide an adequate basis for a lodestar determination; notably, a description of counsel's qualifications, experience, and background, a description of the services provided in the 12 hours claimed, and the basis for the claimed hourly rate. The two declarations also provide sufficient context to analyze other factors including the complexity of the matter, the history of opposing counsel, and the lack of duplicative fees.

But the court did not enter adequate findings. It awarded $4,500 and simply concluded "[t]he attorney fees and costs . . . have been incurred and are reasonable."[9]

---

[3] Id. at 660.

[4] Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[5] 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 734, 281 P.3d 693 (2012).

[6] Berryman, 177 Wn. App. at 677-78.

[7] Id. at 677.

[8] Id. at 658.

[9] CP at 362.

The trial court included one finding to support its conclusion: "The court finds sufficient specificity under a Berryman analysis was provided by Caylor's counsel."[10] There are no specific findings supporting the time incurred or the hourly rate charged. There is no analysis of other concerns identified in Berryman.

We conclude this finding is insufficient to allow meaningful review, and the appropriate remedy is a remand on the existing record for entry of findings and conclusions of law to support the attorney fee award.[11]

*Fees on Appeal*

Both Vaughan and Caylor request fees on appeal. Vaughan relies on financial need under RCW 26.09.140. But "[a]n appellate court will not consider an award of attorney fees on appeal under RAP 18.1 and RCW 26.09.140 when a party seeking fees fails to comply with RAP 18.1(c)."[12] Vaughan has not submitted an affidavit of financial need as required by RAP 18.1(c).

Vaughan also requests fees based on Caylor's intransigence. "Intransigence is a basis for awarding fees on appeal."[13] "[A] party's intransigence in the trial court can also support an award of attorney fees on appeal."[14] But Vaughan offers no compelling evidence to establish Caylor's intransigence in the trial court or during this appeal.

---

[10] Id.

[11] Berryman, 177 Wn. App. at 659 ("Normally, a fee award that is unsupported by an adequate record will be remanded for entry of proper findings of fact and conclusions of law that explain the basis for the award.")

[12] In re Marriage of Crosetto, 82 Wn. App. 545, 565-66, 918 P.2d 954 (1996).

[13] In re Marriage of Mattson, 95 Wn. App. 592, 605, 976 P.2d 157 (1999).

[14] Id. at 606; Chapman v. Perera, 41 Wn. App. 444, 456, 704 P.2d 1224 (1985)).

Caylor requests attorney fees under RAP 18.9 based on Vaughan's frivolous appeal. "An action is 'frivolous' if, considering the action in its entirety, it cannot be supported by any rational argument based in fact or law."[15] Here, Vaughan's appeal is not frivolous because her argument concerning the sufficiency of the trial court's findings is successful. We decline to award fees to either party.

We remand for further proceedings on the existing record consistent with this opinion.

_____

WE CONCUR:

_Trickey, J_

---

[15] In re Marriage of Wixom, 190 Wn. App. 719, 729, 360 P.3d 960 (2015), review denied, 185 Wn. 2d 1028, 377 P.3d 717 (2016).