FILED
4/15/2024
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Marriage of:<br><br>FAYE M. ESCOBEDO,<br><br>            Respondent,<br><br> and<br><br>JOSHUA ACHTERHOF,<br><br>            Appellant. | No. 85074-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Joshua Achterhof appeals various trial court rulings related to his petition to modify a parenting plan. We hold that the trial court applied the incorrect legal standard when it determined that Achterhof filed his petition in bad faith and did not show adequate cause to modify. Accordingly, we vacate those determinations and the resulting attorney fee award, and we remand for further proceedings consistent with this opinion. Otherwise, we affirm.

I

The Snohomish County Superior Court dissolved Achterhof's marriage to Faye Escobedo in 2016 and entered a parenting plan for the parties' children. The plan designated Escobedo the primary residential parent, i.e., the parent with whom the children would reside a majority of the time. It also placed so-called

"191 limitations" on Achterhof's residential time and decision-making authority under RCW 26.09.191(2) and (3).[1]

In 2019, Escobedo relocated with the children to Virginia without obtaining court approval. In December 2022, Achterhof petitioned to modify the 2016 parenting plan, citing the children's relocation. Escobedo later filed a "Notice of Intent to Move with Children" seeking court approval of the earlier relocation. Meanwhile, Achterhof moved to change venue from Snohomish County Superior Court to Pierce County Superior Court.

In January 2023, the trial court denied Achterhof's motion to change venue. It also determined that Achterhof did not show adequate cause to modify the parenting plan and filed his modification petition in bad faith, and it awarded Escobedo attorney fees on that basis. Achterhof appeals.

II

Achterhof argues that the trial court erred by denying his motion to change venue. We disagree.

A court "may . . . change the place of trial when it appears by affidavit, or other satisfactory proof," that (1) venue is not proper, (2) "there is reason to believe that an impartial trial cannot be had" in the current venue, (3) "the convenience of witnesses or the ends of justice would be forwarded" by a change in venue, or (4) certain reasons exist to disqualify the judge. RCW 4.12.030. We review de

---

[1] RCW 26.09.191 sets forth circumstances under which the trial court is permitted, or in some cases required, to place limitations on a parent's involvement with a child. Achterhof devotes much of his opening brief to challenging the 191 limitations in the 2016 parenting plan. His challenges are untimely by several years and are not properly before us in this appeal. *See* RAP 5.2(a) (notice of appeal must generally be filed within 30 days after entry of the at-issue decision). Thus, we reject them.

novo whether venue is proper in a particular forum; otherwise, we review a trial court's decision on a motion to change venue for abuse of discretion. *Moore v. Flateau*, 154 Wn. App. 210, 214, 225 P.3d 361 (2010). A court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 317 P.3d 644 (2014).

Here, Snohomish County is a proper venue. *See* RCW 26.09.280 (action to modify parenting plan may be brought in the court that entered the plan). Achterhof asserted below that the court should change venue to Pierce County "[b]ecause the parties and the children currently reside in the Pierce County area," invoking the "convenience of witnesses" prong of RCW 4.12.030. But it is undisputed that Escobedo and the children actually reside in Virginia, and Escobedo attested that although she was in Washington responding to Achterhof's modification action, she was then staying with a friend in Arlington and had hired counsel in Everett who did not practice in Pierce County. Also, the record is silent as to the location of other witnesses in a potential modification trial. While Achterhof asserts that "[t]here are no existing witnesses, contacts, or evidence within the Snohomish jurisdiction" and that he "bears significant hardship" by having to litigate in Snohomish County, he points to no evidence in the record to support these assertions.

In sum, Achterhof does not show that the trial court abused its discretion by denying his motion to change venue.

III

Achterhof next challenges the trial court's determination that he failed to

- 3 -

show adequate cause to modify the parenting plan. As further discussed below, the court's adequate cause determination was based on an incorrect legal standard and, thus, must be vacated.

Parenting plan modifications are governed by RCW 26.09.260 and .270. RCW 26.09.260(1) sets forth the general standard for modifying a parenting plan:

> [T]he court shall not modify . . . a parenting plan unless it finds, upon the basis of facts that have arisen since the prior . . . plan or that were unknown to the court at the time of the prior . . . plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

Subsection (2) of the statute then establishes a presumption against modification by stating that the court "shall retain" the child's existing residential schedule unless one of the conditions set forth in that subsection is satisfied. RCW 26.09.260(2).

Relevant here, RCW 26.09.260(5) sets forth a limited exception to the general standard in RCW 26.09.260(1). Under RCW 26.09.260(5), the trial court may, under certain circumstances, approve a "minor modification" to the residential schedule that does not change the primary residential parent without considering the requirements in subsection (2), and based on a showing of a substantial change in circumstances of the child or either parent. One of these circumstances, set forth in subsection (5)(c), is when the minor modification "[d]oes not result in a schedule that exceeds ninety overnights per year in total" and certain other conditions are met. RCW 26.09.260(5)(c).

Generally, before a petitioner is entitled to a full modification hearing, "he or she must first demonstrate that 'adequate cause' exists to modify the permanent

parenting plan." *Bower v. Reich*, 89 Wn. App. 9, 14, 964 P.2d 359 (1997); RCW 26.09.270. To meet the adequate cause requirement, the petitioner must set forth "specific factual allegations" that, if proven, would justify a modification. *Bower*, 89 Wn. App. at 14. "We review a trial court's adequate cause determination for an abuse of discretion." *In re Marriage of Hannah*, 27 Wn. App. 2d 577, 585, 541 P.3d 372 (2023), *review denied*, 2 Wn.3d 1015 (2024).

Here, in determining that there was no adequate cause to modify the parenting plan, the trial court relied on RCW 26.09.260(7). That subsection provides that a parent who is not the primary residential parent and whose residential time is subject to 191 limitations "may not seek expansion of residential time under subsection (5)(c) . . . unless that parent demonstrates a substantial change in circumstances *specifically related to the basis for the limitation*." RCW 26.09.260(7) (emphasis added). The trial court determined that Achterhof failed to show adequate cause because he did not allege, much less prove, a substantial change in circumstances related to the basis for the 191 limitations in the 2016 parenting plan.

But RCW 26.09.260(7) applies only to requests to expand residential time "under subsection (5)(c)," which, as discussed, governs requests for certain *minor modifications* to a parenting plan that do not change the primary residential parent. Achterhof did not seek a modification under that subsection. Instead, he sought a modification under the general standard based on the undisputed fact that the children had relocated across the country and, if granted, the modification would change the children's primary residential parent from Escobedo to Achterhof. By

determining that there was no adequate cause for a modification based on Achterhof's failure to satisfy RCW 26.09.260(7), the trial court applied the incorrect legal standard and abused its discretion. *See Kriedler v. Cascade Nat. Ins. Co.*, 179 Wn. App. 851, 866, 321 P.3d 281 (2014) (trial court necessarily abuses its discretion by applying the incorrect legal standard). Accordingly, we vacate the trial court's adequate cause determination.

We next address the proper course of proceedings on remand. After Escobedo filed her notice of intent to relocate, the trial court ordered that the matter "should move forward" as "a relocation matter." Under RCW 26.09.260(6), a parent objecting to a child's relocation or to the relocating parent's proposed residential schedule may petition to modify the parenting plan, including to change the primary residential parent, "without a showing of adequate cause other than the proposed relocation itself," and "[a] hearing to determine adequate cause for modification *shall not be required so long as the request for relocation of the child is being pursued*." (Emphasis added.) Because the record does not reflect the current status of the relocation matter, we remand for the trial court to either make an adequate cause determination under the general modification standard or, if relocation is still being pursued and Achterhof has timely objected, consider Achterhof's modification petition under RCW 26.09.260(6) without an adequate cause determination.

IV

Achterhof also challenges the trial court's finding that he filed his modification petition in bad faith and its resulting award of attorney fees to

Escobedo. The trial court awarded fees under RCW 26.09.260(13), which provides, "If the court finds that a motion to modify a . . . parenting plan has been brought in bad faith, the court shall assess the attorney's fees and court costs of the nonmoving parent against the moving party." "Bad faith is a factual finding that we review for substantial evidence." *Hannah*, 27 Wn. App. 2d at 589. "'Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the declared premise.'" *In re Marriage of Bernard*, 165 Wn.2d 895, 903, 204 P.3d 907 (2009) (quoting *In re Marriage of Hall*, 103 Wn.2d 236, 246, 692 P.2d 175 (1984)).

Here, the trial court based its bad faith finding on Achterhof's failure to allege facts that, as the court put it, "would allow him to even bring a major modification before the Court" under RCW 26.09.260(7). But as discussed, that statute does not apply here. Consequently, the trial court's observation that Achterhof "ha[d]n't even addressed it" does not support its finding that Achterhof filed his modification petition in bad faith. We therefore vacate the trial court's bad faith finding and the attorney fee award that followed therefrom.[2]

V

As a final matter, Achterhof requests that this court disregard Escobedo's brief of respondent because it does not comply with certain procedural rules. Achterhof also requests that this court impose sanctions, including attorney fees. These requests are hereby denied.

We vacate the trial court's adequate cause determination, its finding that

---

[2] The trial court also expressed concern about Achterhof's conduct subsequent to filing his modification petition. On remand, the trial court is not precluded from considering whether that conduct supports an award of attorney fees on an alternate basis, such as intransigence.

Achterhof filed his modification petition in bad faith, and its attorney fee award, and we remand for further proceedings consistent with this opinion.  Otherwise, we affirm.

Feldman, J.

WE CONCUR:

Hazelrigg, ACJ

Mann, J.