IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NANCY YOLANDA ORTIZ-SOSA, | No. 88146-9-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MOISEES PEDRO VAUGHAN, | |
| Respondent. | |

COBURN, J. — Appellant Nancy Ortiz-Sosa appeals a Parenting Plan Order and Final Child Support Order regarding the child she shares with Respondent Moisees Vaughn. Because the trial court failed to enter the statutorily required findings for modification of a parenting plan, we reverse and remand.

FACTS

Appellant Nancy Ortiz-Sosa and Respondent Moisees Vaughn share one child, born in 2020. When the child was 11 months old, in January 2021, Mason County Superior Court entered a parenting plan ordering that the child live with Ortiz-Sosa except for every weekend from Friday evening to Sunday morning, when the child would live with Vaughan. There was no request for child support filed at this time.

In May 2023, Vaughan filed a written petition to modify the parenting plan. He requested only a change to transporting the child between homes because he had moved. The court denied the motion. At the hearing, Vaughan started to also request a change to the parenting plan schedule, but the court informed him that to request a

schedule change he would need to file a new motion. The record before us does not reflect any later motion by Vaughan.

Instead, over a year later, on June 20, 2024, Ortiz-Sosa filed a petition to modify the parenting plan and request child support from Vaughan, apparently for the first time. Ortiz-Sosa proposed that the child live with her except for every other week from Sunday evening to Tuesday morning, when the child would live with Vaughan.[1] In July 2024, Vaughan filed a written response disagreeing with Ortiz-Sosa's proposed parenting plan and with her request for child support; he stated that he deserved more time with his child.

The parties entered mediation and, on November 14, 2024, reached a written agreement that the child would live with Vaughan every other week from Sunday morning to Thursday morning, with an overnight Wednesday visit on the alternating weeks. The child would live with Ortiz-Sosa the remainder of the time. Vaughan later testified that they followed this mediated schedule for about two and a half months until Ortiz-Sosa stopped following it.

In December 2024, Ortiz-Sosa filed a motion for an adequate cause decision to modify the parenting plan, attaching a declaration stating that she did not agree with the mediation agreement. Ortiz-Sosa eventually proposed that the child live with Vaughan only every other weekend from Saturday morning to Sunday evening.

The same month, Vaughan filed a declaration opposing Ortiz-Sosa's motion for adequate cause and requesting the court approve the mediated agreement as the

---

[1] Ortiz-Sosa's proposed parenting plan listed this schedule under "Summer Schedule" on the form, but based on the entirety of the record, including Ortiz-Sosa's brief on appeal, it appears this was a clerical error and Ortiz-Sosa was in fact proposing this as a year-round schedule.

permanent parenting plan. Vaughan filed a proposed parenting plan proposing the mediated schedule.[2]

On December 30, 2024, the court conducted an adequate cause hearing. Vaughan confirmed he wanted the court to order the mediated parenting plan agreement. Based on this, the court concluded that there was agreement to adequate cause. The court entered a written order stating that the parties agreed there is adequate cause to hold a full hearing.

The trial court conducted a hearing on March 20, 2025. Ortiz-Sosa and Vaughn were both present at the hearing and represented themselves. Ortiz-Sosa testified that she wanted stability for the child, not "bouncing from home to home during the week." She testified that she worked six days a week to support their child because she was solely financially responsible for the child.[3] She said the child expressed not wanting to go to Vaughan's home because she did not want to sleep alone there. Vaughan testified that his relationship with the child had grown while spending more time together under the mediated agreement. He felt it was important for the child to know she could rely on him. He explained that he lived five minutes from the child's school with work flexibility and could thus accommodate her needs. The court undertook colloquies with both

---

[2] "Parties can use stipulations and alternative dispute resolution to create proposed changes to a parenting plan for a trial court to consider. But the trial court must review the parties' proposed changes under the best interests of the child standard and approve or reject them. RCW 26.09.260(1)… " Marriage of Coy, 160 Wn. App. 797, 806 n.7, 248 P.3d 1101 (2011). The parties had used mediation to create a proposed modification to their parenting plan, and Vaughan was asking the trial court to approve it under the standards of RCW 26.09.260(1).

[3] On appeal, Ortiz-Sosa objects to the trial court's repeated statement that her six-day-per-week work schedule was her "choice." We note there is evidence in the record that, in addition to work, Ortiz-Sosa was also attending college full time, had the child living with her the majority of the time, and had only irregular financial support from Vaughan.

parties discussing various potential schedules.

At the conclusion of the hearing, the court entered written parenting plan and child support orders. The parenting plan ordered a 50/50 week on/week off parenting time schedule where the child would spend one full week at a time with each parent, switching homes each Monday. Each week the child would have one after-school visit with the parent whose home she was not staying at. Vaughn was ordered to pay a monthly child support amount of $202 to Ortiz-Sosa. The trial court did not enter any written or oral findings.

Ortiz-Sosa appeals.

## DISCUSSION

### Modification of Parenting Plan

A trial court's order modifying a parenting plan is reviewed for abuse of discretion. In re Marriage of Kinnan, 131 Wn. App. 738, 746, 129 P.3d 807 (2006). A trial court abuses its discretion if it fails to follow the statutory procedures or modifies a parenting plan for reasons other than the statutory criteria. In re Custody of Halls, 126 Wn. App. 599, 606, 109 P.3d 15 (2005) (citing In re Marriage of Hoseth, 115 Wn. App. 563, 569, 63 P.3d 164 (2003)). "The trial court's discretion is cabined by several provisions in chapter 26.09 RCW." In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 644 (2014).

Modification of a parenting plan is statutorily prescribed by RCW 26.09.260 and .270. Compliance with the statutory procedures is mandatory. Bower v. Reich, 89 Wn. App. 9, 14, 964 P.2d 359 (1997). As a threshold requirement to obtain a full fact-finding hearing on the issue of modification of a parenting plan, a party must submit with his or

4

her motion an affidavit listing facts supporting the requested modification. RCW 26.09.270. The court must deny the motion unless it finds that the affidavits establish adequate cause for hearing the motion. RCW 26.09.270.

Once a court finds adequate cause to schedule a parenting plan modification hearing under RCW 26.09.270, the trial court may then modify the existing parenting plan under RCW 26.09.260(1) only if the court makes specific, required findings:

> …the court shall not modify a prior custody decree or a parenting plan <u>unless it finds</u>, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, <u>that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child</u>.

RCW 26.09.260(1) (emphasis added).

For major modifications such as the modification ordered in this case, RCW 26.09.260(2) establishes a presumption against changing a previously decreed residential schedule:

> In applying these standards, the court shall retain the residential schedule established by the decree or parenting plan unless: ... (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

There exists a strong presumption against modification because changes can be highly disruptive to children. <u>Halls</u>, 126 Wn. App. at 607. Thus, the moving party must prove that a modification is appropriate. <u>Id.</u>

Ortiz-Sosa argues that the trial court erred in modifying the parenting plan without making the findings required by RCW 26.09.260(1) and (2). We agree.

Vaughan responds that because the parties stipulated to adequate cause, they waived the "threshold determination" of RCW 26.09.260(1), citing <u>Marriage of Adler</u>, 131

5

Wn. App. 717, 723, 129 P.3d 293 (2006). But in Adler the parties' original parenting plan provided that "[a]t the request of either party by 12-31-01...the residential schedule and decision[-]making provisions herein shall be subject to review without the statutorily required showing of a change in circumstances." 131 Wn. App. at 721 (alterations in original). In other words, Adler explained, the "original order refers to and eliminates the threshold requirement of a substantial change in circumstances." Id. at 725.

In contrast, here the parties' original parenting plan contained no such provision eliminating the substantial change in circumstances requirement of RCW 26.09.260(1). Instead, the parties stipulated to adequate cause at the adequate cause hearing, thus satisfying the adequate cause requirement under RCW 26.09.270. These are separate statutory requirements and waiver of one does not waive the other. As we observed in In re Marriage of Jefferson, noted at 154 Wn. App. 1038 (2010),[4] Adler is distinguishable and does not hold that waiver of adequate cause under RCW 26.09.270 waives the substantive requirements of RCW 26.09.260. We reject Vaughan's argument that the parties' stipulation as to adequate cause waived the requirements of RCW 26.09.260(1).

Next, Vaughan argues that that trial court adopted the 50/50 week-on, week-off schedule for two primary "reasons" (notably, not findings): (1) minimizing exchanges during the week to maximize stability for the child; and (2) providing each parent a full weekend with their child, including providing Ortiz-Sosa a full Sunday because that was her only day off work.

The trial court did not make any written or oral findings. But based on the trial

---

[4] We cite to this unpublished decision under GR 14.1(c).

court's colloquies with both parties at the hearing, these do appear to be the main reasons for the trial court's decision. These reasons are not findings of a substantial change in circumstance or that the modification is in and necessary for the best interest of the child, as required by RCW 26.09.260(1). Nor are they findings that the child's present environment is determinantal to her well-being and that the harm caused by the change is outweighed by the advantage of the change, as required by RCW 26.09.260(2). The trial court approached the modification as an equitable matter, neglecting entirely that modification of a parenting plan is highly regulated by specific statutes, as detailed above. The trial court failed to make the findings required by statute and thus abused its discretion. Halls, 126 Wn. App. at 606. We reverse and remand for proceedings consistent with this opinion and entry of a parenting plan in compliance with the statutory requirements. This holding does not preclude the trial court from considering current information at a new hearing regarding modification of the parenting plan.

<u>Child Support Order</u>

Next, Ortiz-Sosa challenges the child support order entered alongside the 50/50 residential schedule. Ortiz-Sosa argues that the child support order must be vacated because the trial court failed to (1) verify Vaughan's income as required by RCW 26.19.071(2) and (2) enter findings that specify reasons for a deviation from the standard calculation as required by RCW 26.19.075(3). We review a trial court's decision on child support for manifest abuse of discretion. In re Marriage of Fiorito, 112 Wn. App. 657, 663, 50 P.3d 298 (2002).

RCW 26.19.071(2) requires that "tax returns for the preceding two years and

current paystubs shall be provided to verify income and deductions...." RCW 26.19.075(3) requires that "the court shall enter findings that specify reasons for any deviation...from the standard calculation made by the court." At the hearing, Vaughan stated that he had paychecks to show the court, but because those paychecks are not in the record before us, it is unclear if he in fact provided those to the trial court. The court did deviate from the standard calculation because the child spends "significant time with the parent who owes support." Because we reverse and remand the parenting plan modification, we also remand the child support order to be recalculated in compliance with the statutory requirements based on the parenting plan decision on remand.

## Attorney Fees on Appeal

Vaughan requests attorney fees on appeal under RAP 18.9(a), arguing that Ortiz-Sosa's appeal is frivolous. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). As evidenced by our reversal, Ortiz-Sosa's appeal was not frivolous. Vaughan's request for attorney fees is denied.

Reversed and remanded for proceedings consistent with this opinion.

_____
Coburn, J.

WE CONCUR:

_____, ACJ

_____

8