[No. 7618–3–I.   Division One.   April 14, 1980.]

*In the Matter of the Marriage of* MEINDERT ROORDA,
*Appellant, and* ILA MARY ROORDA,
*Respondent.*

*Peter Jay Visser* and *Simonarson, Visser & Johnson,* for appellant.

*Chester T. Lackey, John C. Belcher,* and *Voris, Belcher, Swanson & Lackey,* for respondent.

RINGOLD, J.—This action presents for our consideration the showing that must be made by the petitioner, Meindert Roorda, to meet the requirements of "adequate cause" under RCW 26.09.270:

> A party seeking a temporary custody order or modification of a custody decree shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

Roorda appeals the dismissal of his petition for modification of the child custody provisions of a dissolution decree. We agree with the trial court's determination that the petitioner failed to make the threshold showing of "adequate cause" and affirm.

In June 1977, a decree dissolved the marriage between Ila Roorda (now Brann) and petitioner, and awarded custody of two children, Clint, 7, and Ryan, 3, and the third then unborn child to Mrs. Roorda. In February 1979, Roorda filed his petition, supported by affidavit, seeking a change in the custody of the three children to him. Mrs. Brann filed a counteraffidavit and the petitioner responded with additional affidavits. The trial court dismissed Roorda's petition on the basis he had not demonstrated "adequate cause" for a hearing to modify the child custody decree.

No case authority has been cited to us, nor have we been able to find any that has definitively interpreted section 410 of the Uniform Marriage and Divorce Act, the foundation for RCW 26.09.270, to guide us in resolving the primary issue presented here: "what standard should be applied in determining whether 'adequate cause' has been demonstrated to authorize a hearing of the motion to modify a child custody decree?"

Roorda argues that he is entitled to a hearing if his affidavits allege facts which together with reasonable inferences from those facts, establish a prima facie case for custody modification. He contends the procedure in RCW 26.09.270 is akin to that in a motion for summary judgment or a challenge to the sufficiency of the evidence and that if reasonable minds can differ or there is a conflict on an issue of material fact the threshold requirement of "adequate cause" is met. He asserts that the allegations in his affidavits and the reasonable inferences which flow therefrom, taken as true, establish a prima facie case for custody modification. Further, Roorda argues, without supporting authority or contention of constitutional infirmity, that a preliminary determination of adequate cause upon the merits without a hearing violates traditional notions of fair play and justice.

█ There is a strong presumption in the statutes and the case law in favor of custodial continuity and against modification. RCW 26.09.260 and .270; *Anderson v. Anderson,* 14 Wn. App. 366, 541 P.2d 996 (1975); 9A U.L.A., Uniform Marriage and Divorce Act, § 409, Comm'rs Note at 212 (Master ed. 1979). We observe a related policy expressed in the statute of preventing harassment of the custodial parent and providing stability for the child by imposing a heavy burden on a petitioner which must be satisfied before a hearing is convened. Another purpose of the statute is to discourage a noncustodial parent from filing a petition to modify custody. The oft-repeated touchstone of any custody decision is "the best interests of the child." *Schuster v. Schuster,* 90 Wn.2d 626, 585 P.2d 130

(1978). Litigation over custody is inconsistent with the child's welfare. "Adequate cause", therefore, requires something more than prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change. We do not determine the showing required, however, because the affidavits in this case do not establish a prima facie case.

█ To constitute a mere prima facie case it must be shown that: (1) the facts alleged in the affidavits are relevant to the grounds for modification; and (2) the evidence is not merely cumulative or impeaching.

In *Anderson v. Anderson, supra* at 368, the court stated:

RCW 26.09.260 permits a modification of custody only when there is sufficient evidence to support a finding that: (1) there has been a change in circumstances, (2) the best interests of the child will be served, (3) the present environment is detrimental to the child's well—being, and (4) the harm caused by the change is outweighed by the advantage of a change.

In his affidavits, Roorda claims that the children have been staying with him a majority of the time, that both he and Mrs. Brann have remarried, that his former wife has had three "nervous breakdowns" each associated with a pregnancy, and is "headed for another." Moreover, he claims that his former wife's new husband is interfering with his visitation rights,[1] that one of the children has nightmares only at the former wife's home, that the former wife has moved four times since the dissolution, and that she has told him that Clint, the oldest child, should be in his custody. In her countering affidavit, Mrs. Brann denies that the children have spent the majority of time with him

---

[1]One of the most harassing and difficult aspects of child custody disputes results when the parties are engaged in controversy regarding visitation rights. Often the inability to resolve visitation rights for the noncustodial parent is the primary impetus for a petition to modify the child custody decree.

and she alleges that her former husband has harassed her.

Roorda's allegation that his former wife is "headed for another nervous breakdown" should be discounted since he also alleges that she had three prior "breakdowns" during their coverture. Such breakdowns must have been taken into account in the original custodial determination. Roorda's remaining allegations do not overcome the presumption favoring custodial continuity. Specifically, the fourth ground in *Anderson v. Anderson, supra,* has not been satisfied. He has alleged no facts tending to show that the advantages of a change outweigh the harmful effects. We cannot draw the inferences necessary even to meet the prima facie test proposed by the petitioner.

■ Traditional notions of fair play and justice are not violated. The statutory provision allowing for such modifications at all represents a departure from the common–law res judicata rule. 24 Am. Jur. 2d *Divorce and Separation* § 819, at 928 (2d ed. 1966); *see also* L. Rieke, *The Dissolution Act of 1973, From Status to Contract?* 49 Wash. L. Rev. 375, 405 *et seq.* (1974). A statutory exception to the common law must be narrowly construed. *State ex rel. McDonald v. Whatcom County Dist. Ct.,* 92 Wn.2d 35, 593 P.2d 546 (1979). Where the allegations do not tend to prove the grounds for child custody modification, it is the doctrine of res judicata, not the right to a hearing, which is consistent with our traditional notions of fair play and justice. The petition was properly dismissed.

■ Roorda raises the issue of the scope of appellate review of the trial court's decision. As the trial court decided the matter on affidavits alone, we stand in the same position as the trial court and decide the issue as a matter of law. *See Rau v. Liberty Mut. Ins. Co.,* 21 Wn. App. 326, 585 P.2d 157 (1978).

The order dismissing the petition is hereby affirmed.

CALLOW, C.J., and SWANSON, J., concur.