[No. 14588-6-I.   Division One.   May 9, 1985.]

*In the Matter of the Marriage of* RICHARD A. POTTS, *Respondent, and* KATHY LINN THOMAS, *Appellant.*

*Steven G. Sisson* of *Hyatt Legal Services,* for appellant.

*Mark A. Boyson,* for respondent.

WILLIAMS, J.—Richard A. Potts and Kathy Linn Thomas separated in July 1978. Their two children initially lived with Kathy in Oregon but began living with Richard in Washington in December 1978. On August 2, 1979 the Whatcom County Superior Court entered a default decree of dissolution in which custody was awarded to Richard.

Kathy Thomas filed a petition for modification of child custody on December 14, 1983. Richard moved to dismiss pursuant to RCW 26.09.270 on the grounds that Kathy's petition and supporting affidavits did not establish adequate cause for a full hearing on the motion to modify. A guardian ad litem, appointed by the court to investigate, recommended that the children remain in their father's custody. The trial court then granted Richard's motion to dismiss and later denied Kathy's motion for reconsideration; the final order was entered on March 16, 1984.

The basis for a child custody modification is set forth in RCW 26.09.260 which provides in part:

> The court shall not modify a prior custody decree unless it finds, . . . that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior decree unless:
> (a) The custodian agrees to the modification;
> (b) The child has been integrated into the family of the petitioner with the consent of the custodian; or
> (c) The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

This determination is to be made "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree". RCW 26.09.260(1). A hearing on the motion to modify will not be held unless RCW 26.09.270 is complied with:

A party seeking a temporary custody order or modification of a custody decree shall submit together with his motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

■ The principal question is whether the trial court erred in dismissing Kathy's petition for modification on the ground that she had not established adequate cause for a hearing thereon. The procedure called for in RCW 26.09-.270 is important even if the earlier custody decree was uncontested. As was stated in *In re Marriage of Roorda*, 25 Wn. App. 849, 851, 611 P.2d 794 (1980):

There is a strong presumption in the statutes and the case law in favor of custodial continuity and against modification.

Litigation on the custody issue is inconsistent with the welfare of the children, *Roorda*, at page 852, so it should be avoided unless first there is a showing that a custody change is in their best interest.

■ When the original decree is taken by default, the court on modification should consider any material predecree facts unknown to it at the time of the entry of that decree. *In re Marriage of Timmons*, 94 Wn.2d 594, 617 P.2d 1032 (1980); RCW 26.09.260. That is because concern for the welfare of the children is paramount and judicial inquiry should not be foreclosed on principles of res judicata when something unknown to the court at the time of entry of the original decree bears upon that issue. Even so, the preference for custodial continuity remains and the court must still find that any modification in custody is necessary to serve the best interests of the children. *Timmons*, at 599.

In this case, the allegations in Kathy's affidavits do not

overcome the presumption favoring custodial continuity. Indeed, all things considered, she has not set forth any facts demonstrating that the advantages of a custodial change outweigh the harmful effects. Accordingly, the trial court was correct in denying a hearing on the modification motion.

Richard Potts, having complied with RAP 18.1, is awarded his fees and expenses of $1,573.60 which were incurred on this appeal. RCW 26.09.140.

Affirmed.

SWANSON and GROSSE, JJ., concur.