[Nos. 16675-9-III; 16971-5-III. Division Three. February 18, 1999.]

*In the Matter of the Marriage of* MATTHEW A. FLYNN, *Respondent,* and BRENDA L. MANIS, *Appellant.*

 

*Shawn D. Price-Sladich*, for appellant.

*Francesca D'Angelo* of *Huppin Ewing Anderson & Paul, P.S.*, for respondent.

BROWN, J. — Brenda Manis and Matthew Flynn are parties to a final parenting plan that Ms. Manis sought to modify based upon her relocation to California. The dispositive issue is whether the trial court erred by failing to decide adequate cause existed to modify the petition. Recent cases interpreting the minor modification provisions of RCW 26.09.260(4)(b)(iii) are significant to the outcome. *Bower v. Riech*, 89 Wn. App. 9, 964 P.2d 359 (1998) and *In re Marriage of Littlefield*, 133 Wn.2d 39, 940 P.2d 1362 (1997). Because the affidavits supporting the petition contain facts showing a prima facie case of adequate grounds to modify on the basis of a minor modification if the facts are proven at an evidentiary hearing, we conclude the court erred. We reverse and remand for an evidentiary hearing.

## FACTS

An agreed final parenting plan was entered in October 1994 for Matthew Flynn and Brenda Manis, and their two children, Ashley M. Flynn and Matthew Flynn, Jr., and third party visitation rights with Brittany Kernell, Mr. Flynn's step-daughter. The plan essentially split residential

time evenly by alternating weeks except for two additional days given to Ms. Manis, who was designated the primary parent for legal purposes. Ms. Manis filed for modification of the parenting plan in January 1996 alleging a major modification due to a substantial change of circumstances under RCW 26.09.260(1) and (2). The proposed parenting plan filed with the modification petition changed the residential provisions from alternating weeks to every other weekend and alternating holidays. Underlying reasons for the modification were Ms. Manis's remarriage and relocation with her serviceman husband to more distant housing in the Spokane area.

Additional allegations prompted the court to initiate a Guardian Ad Litem (GAL) investigation. Commissioner Valente made a limited finding of adequate cause to facilitate the investigation and obtain the GAL report to aid the court's decision making on whether a substantial change of circumstances was present. No written report was filed. Instead, the GAL informed the parties, through counsel, that she did not believe a substantial change supporting a major modification existed, although under specified conditions she would consider a minor modification. No other relevant action related to the modification is part of our record until 1997.

Ms. Manis filed an amended summons and modification petition on February 21, 1997. She continued to allege a major change in the parenting plan and a substantial change in the circumstances of the children. Supporting her claim of adequate cause, she now alleged her father's recent diagnosis of terminal cancer and her intent to move with Mr. Manis, their daughter, Dakota, and the children to California to be with her father by March 31, 1997, when the California school term began. Further, her husband had obtained a permanent humanitarian transfer to a California station to facilitate the move.

Mr. Flynn received formal notice of the amendment on February 21, 1997. He filed a response denying adequate cause, requesting restraining orders and counter petitioning for primary residential placement on the day of the ad-

equate cause hearing, March 25, 1997. That day, Commissioner Valente found Ms. Manis had not established adequate cause for modification, and entered an order March 28, 1997 denying modification. Ms. Manis was permitted to take Brittany to California with Mr. Manis and Dakota. However, she was restrained from taking the parties' children. Judge Kato denied revision. Ms. Manis then moved to California leaving the children with Mr. Flynn, and filed her first appeal of the adequate cause decisions.

Ms. Manis next filed for relief from the prior orders under CR 60 in August 1997 relying on *In re Marriage of Littlefield*, 133 Wn.2d 39, which had just been decided August 7 (court may not order geographical restrictions in initial parenting plan to facilitate frequent contact with nonprimary parent). Judge Murphy denied her motion. Ms. Manis then filed a second appeal based on Judge Murphy's order. We now consider the consolidated appeals.

## ANALYSIS
### A. Issue

The dispositive issue is whether the Commissioner erred when deciding adequate cause did not exist for a show cause hearing on the merits of the petition for modification, which alleged Ms. Manis's need to relocate with the children under the circumstances presented in the affidavits.

### B. Standard of Review

Trial court decisions relating to custody changes are reviewed using an abuse of discretion standard, whether the "court exercised its discretion in an untenable or manifestly unreasonable way." *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). RCW 26.09.260 provides standards for modification of a custody decree. RCW 26.09.270 provides in part "[t]he court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which

case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted." Statutory construction is a matter of law reviewed de novo. *In re Marriage of Hansen*, 81 Wn. App. 494, 498, 914 P.2d 799 (1996). When the trial court's decision is decided on the affidavits of the parties, we are in the same position as the trial court and decide the question as a matter of law. *In re Marriage of Roorda*, 25 Wn. App. 849, 853, 611 P.2d 794 (1980).

## C. Adequate Cause

In fairness to the parties, their counsel, and the courts below struggling with this difficult relocation problem, we note the legal landscape has changed significantly since the modification proceedings were decided. Indeed, the first sign of change was *Littlefield* striking a geographical restriction in an initial parenting plan designed to facilitate frequent contact with the other parent. Mr. Flynn's contention that *Littlefield* principles do not apply to modifications is mortally wounded if we agree with Division One when it decided otherwise in its reconsidered and amended opinion. *Bower v. Riech*, 89 Wn. App. 9, 964 P.2d 359 (1998), published just prior to argument. Mr. Flynn attempts here to distinguish *Bower* previously found at 946 P.2d 1216 (1997) (Reconsideration Granted Jan. 29, 1998).

To begin, Mr. Flynn incorrectly argues Ms. Manis failed to assign error to the written findings of fact, making them verities on appeal. Contrary to Mr. Flynn's assertion, there were no written findings and conclusions entered in this case. He confuses the transcript of proceedings with written findings and conclusions. Furthermore, since Ms. Manis never got past the adequate cause phase of the modification process, there was no requirement for the trial court to enter written findings and conclusions. The transcript is useful, however, in discerning the court's reasoning on the legal issues presented for review.

A first step for a court when deciding whether ad-

equate cause exists for modification of a parenting plan is to examine the affidavits submitted in support of the request to determine if they show a prima facie case. *Roorda*, 25 Wn. App. at 852. A prima facie case for modification requires the facts in the supporting affidavits, if proven, be "relevant to the grounds for modification" and "not merely cumulative or impeaching." *Id*. A party is entitled to a full evidentiary hearing when adequate cause is shown. *Bower*, 89 Wn. App. at 14. The hearing and show cause procedure is described in RCW 29.09.270. The relevant facts contained in this opinion are not disputed. The relevant grounds are found in RCW 26.09.260. The parties argued section 1 to the Commissioner. It provides:

> (1) Except as otherwise provided in subsection (4) of this section, the court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interests of the child and is necessary to serve the best interests of the child.

When a major modification is sought the relevant part of section 2 of RCW 26.09.260 provides a preference for retention of the existing plan unless:

> (c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child; . . .

The parties and the trial court viewed this matter exclusively as a major modification. However, section 4(b)(iii) provides an exception when a "minor" modification exists:

> (4) The court may order adjustments to a parenting plan upon a showing of a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) of this section, if the proposed modification is only a:

. . .

(b) Minor modification in the residential schedule that:

. . .

(iii) Is based upon a change of residence or an involuntary change in work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow.

We believe the test applying to these facts comes within section 4(b)(iii), not sections (1) and (2), the approach used by the trial court. The choice of test to be used, its interpretation, and application are matters of law reviewed de novo. *Department of Ecology v. Grimes*, 121 Wn.2d 459, 466, 852 P.2d 1044 (1993).

Ms. Manis's alleged facts, if proved at an evidentiary hearing, satisfy the prima facie case requirements for considering a minor modification. Even though Ms. Manis sought to come within the major modification provisions, she states facts meriting an adequate cause finding based upon *her* substantial change in circumstances for a minor modification or adjustment to the parenting plan. Section 4 of the statute unambiguously does not require the children's circumstances be substantially changed or consideration of the factors of subsection 2 before deciding the adequate cause threshold. *Bower*, 89 Wn. App. at 16. This is true no matter that Ms. Manis's move to California will likely cause a major reduction of Mr. Flynn's residential time with the children. This argument was also rejected in *Bower* because "[t]he statute [RCW 26.09.260(4)(b)(iii)] provides no other criteria by which to determine whether a proposed modification is minor." *Id.* All that is necessary for Ms. Manis to show is a substantial change in her circumstances making the prior parenting plan impractical to follow.

Although a move out of state and away from the non-residential parent is undoubtedly a major event in a young child's life, the statute contemplates that a "substantial change in circumstances of either parent or of the child" can,

in the circumstances defined by subsection (4)(b), be addressed through a minor modification of the parenting plan. And the statute expressly provides that one of the circumstances permitting a minor modification to a parenting plan is a "change of residence . . . which makes the residential schedule in the parenting plan impractical to follow."

*Bower,* 89 Wn. App. at 16-17.

Although the commissioner's order does not specifically order Ms. Manis to reside in a specific geographical area to facilitate contact with Mr. Flynn, as was the case in *Littlefield,* for all practical effect, it is the same. The order preemptively and impermissibly forces Ms. Manis into the quandary of choosing between her freedom to reside with her present husband at a place of her choice or leaving without her children in the absence of a full hearing on the merits.

"Under *Littlefield,* a court may restrict a parent from moving only after finding the child would suffer more distress than normally attends the hardships of travel and distance from a parent. To the same extent that a court lacks authority to impose a geographical restriction upon a parent's residence at the time of dissolution, it similarly lacks authority to impose such a restriction when modifying the decree. And because a court ordinarily has no authority under the Parenting Act to restrict the primary residential parent's choice of residence, a proposed move otherwise qualifying as a minor modification of a parenting plan, does not become elevated to a major modification merely by virtue of distance or crossing state lines." *Bower,* 89 Wn. App. at 17-18.

We believe that under these circumstances it was manifestly unreasonable not to conduct a hearing on the merits once the prima facie showing of impracticality was made. The impracticality of holding to the present parenting plan without modification was recognized by the commissioner when commenting on Ms. Manis's ability to honor the existing parenting plan while living in California. "That makes absolutely no sense she can't have the

children go to school on alternate weeks in different states."

Additionally, the commissioner incorrectly seemed to reason that no legal means were available to address the practical realities when the commissioner said "there is perhaps a gap or a hole in the modification statute." The statute is not flawed because RCW 26.09.260(b)(4)(iii) applies under the circumstances to guide the trial court in deciding whether a prima facie case of adequate cause for a minor modification is present. It was upon the commissioner under these facts to consider adequate cause for a minor modification under these circumstances once the application was made under RCW 26.09.260 for relief. Because adequate cause may not exist for a hearing on a major change, that does not mean a minor adjustment may not still exist. The *Bower* court summarized this point:

> Barbara Bower proposed a modification of the parenting plan based on a "change of residence . . . which makes the residential schedule in the parenting plan impractical to follow." She thereby satisfied the statutory requirements to have her petition heard as a minor modification. She did not have to allege a substantial change in the circumstances of either Erica or Erica's father, as would have been required if she proceeded under RCW 26.09.260(1); it was enough that she showed a substantial change in her own circumstances . . . . And she did not have to allege that Erica's present environment was detrimental, or that the harm likely to be caused by the move was outweighed by the advantages of the move to Erica, as would have been required if RCW 26.09.260(2) were applicable.

*Bower*, 89 Wn. App. at 18. We agree this summary correctly reviews the law applicable here.

Also referring to the application of certain cases overruled in *Littlefield,* the commissioner attempted to distinguish a modification from an initial custody petition saying, "the issue of what's best for the children has already been decided." However, the children's interests and needs are considered at an evidentiary hearing if adequate cause

for a minor adjustment is shown. The focus at an evidentiary hearing is whether the proposed relocation "require[s] more than the normal distress suffered by a child because of travel, infrequent contact of a parent, or other hardships which predictably result from a dissolution of marriage." *Littlefield*, 133 Wn.2d at 55. Here, the commissioner incorrectly treated the matter solely as a major modification and required a showing of present detriment to the children.

After a careful examination of the transcript of the commissioner's oral ruling, and the implementing order of March 28, 1997, we conclude the commissioner did not state tenable reasons or grounds justifying denial of adequate cause under these circumstances. Because the decision was manifestly unreasonable and lacked tenable grounds, we hold the commissioner abused his discretion by not granting an evidentiary hearing to Ms. Manis. Again, in fairness, neither the trial court nor the parties had the benefit or the guidance provided by *Littlefield* and *Bower*. Nevertheless, in construing the modification statute and applying the recent case law, we decide the trial court erred.

Therefore, we reverse the commissioner's decision that adequate cause did not exist to order an evidentiary hearing on the merits. We remand for further proceedings consistent with this opinion. In view of our decision that the commissioner initially erred we need not discuss the additional contentions pertaining to the failure to revise or grant relief under CR 60.

## CONCLUSION

We hold the trial court abused its discretion when it decided adequate cause did not exist justifying an evidentiary hearing on Ms. Manis's petition to modify the parenting plan. A prima facie showing of adequate grounds was stated in the affidavits supporting the petition under RCW 26.09.260(4)(b)(iii) because the facts, if proven, demonstrate the impracticality of continuing with the present parenting plan following her relocation. The trial court is

directed to issue an order to show cause why the requested modification should not be granted pursuant to RCW 26.09.270 together with Mr. Flynn's counter petition. At the hearing, the trial court may examine the factual issues in light of this opinion together with the principles established in *Bower v. Riech*, 89 Wn. App. 9, 964 P.2d 359 (1998) and *In re Marriage of Littlefield*, 133 Wn.2d 39, 940 P.2d 1362 (1997). In reference to attorneys fees requested by Mr. Flynn, this issue shall be left to the trial court to decide.

Reversed and remanded.

SCHULTHEIS, C.J., and KURTZ, J., concur.

Reconsideration denied April 1, 1999.