2000 ND 200

**Leonard Lane O'NEILL, Plaintiff and Appellant,**

v.

**Jennifer C. O'NEILL, n/k/a Jennifer C. Oster, Defendant and Appellee.**

**No. 20000091.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Debra K. Edwardson, Edwardson Law Office, Minot, ND, for plaintiff and appellant.

H. Malcolm Pippin, Nilles Hansen & Davies, Williston, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Leonard Lane O'Neill appealed from an order denying his motion for change of custody. We hold O'Neill has presented a prima facie case for modification of custody and we, therefore, reverse and remand for an evidentiary hearing on his motion.

I

[¶ 2] Leonard O'Neill and Jennifer O'Neill, who is now remarried and is known as Jennifer Oster, were married in 1988 and had two daughters. The older child was born August 2, 1990, and the younger child was born September 12, 1993. O'Neill and Oster were divorced in 1996 and, based upon stipulation, Oster received custody of the girls, with visitation for O'Neill. In August 1999, O'Neill filed a motion for change of custody, requesting the district court to award him custody of the girls with visitation for Oster. Both parties filed briefs and affidavits and, thereafter, the trial court entered an order denying the motion for change of custody on the ground O'Neill had failed to present a prima facie case justifying modification.

[¶ 3] The procedure for resolving a motion to modify custody is provided in N.D.C.C. § 14–09–06.6(4):

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

Under this provision the trial court must set a date for an evidentiary hearing only if the moving party presents a prima facie case. In *Helbling v. Helbling*, 541 N.W.2d 443, 445–46 (N.D.1995), this Court described a prima facie case and the shifting burdens of proof in the context of child support modification:

The plaintiff or moving party generally bears the burden of proof. If the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in her favor, that party has made a prima facie case. When the party with the burden of proof establishes a prima facie case, "the burden of going forward with the evidence ... shifts to the defendant. If the defendant can impair the prima facie quality of [i.e., rebut] the case against him, the burden [of going forward] returns to the party having the burden of proof." If the party having the burden of proof establishes a prima facie case, this party will prevail unless the opposing party offers "proof to the contrary."

(Citations omitted.)

■ [¶ 4] When a trial court entertains a motion to change custody of children of divorced spouses, the court applies a two-step process to determine (1) whether there has been a significant change of circumstances following the divorce and custody determination, and (2) whether the change of circumstances affects the child in such an adverse way that it requires a change in the existing custody arrangement to further the best interests of the child. *In re K.M.G.*, 2000 ND 50, ¶ 4, 607 N.W.2d 248.

■ [¶ 5] A party seeking custody modification under N.D.C.C. § 14–09–06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party. Generally, the opposing party must rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested. *Helbling*, 541 N.W.2d at 445–46; *see also Bismarck Baptist Church v. Wiedemann Industries, Inc.*, 201 N.W.2d 434, 441 (N.D.1972). Where the opposing party presents counter affidavits which conclusively establish that the allegations of the moving party have no credibility or where the movant's allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.

■ [¶ 6] In support of his motion for change of custody, O'Neill filed affidavits implicitly alleging the girls' physical and mental health may be endangered by residing in their mother's home. O'Neill made specific charges in support of that implicit allegation. O'Neill stated Oster has a history of drug and alcohol abuse and she may be continuing to use alcohol in spite of her addiction to it. O'Neill claims the girls, at ages 7 and 4, respectively, were exposed to pornographic material in the mother's home and both girls have demonstrated knowledge and sexual behavior that is not age appropriate. O'Neill stated the girls have exhibited some emotional outbursts, such as the older child "hitting herself in the head with her fists and banging her head against the

wall," which are indicative of potential problems in the home environment. O'Neill asserts persons in the community have reported Oster to social services for inadequate supervision of the girls and some of O'Neill's friends and family have expressed concern the girls are being ignored while Oster is partying and drinking. O'Neill also asserts the older daughter, at age 8, was left at home alone to care for her sister and infant step-brothers while her mother and current husband were running errands.

[¶ 7] As permitted by § 14–09–06.4(4), and required by N.D.R.Ct. 3.2 to contest the merits of the motion, Oster filed counter affidavits to O'Neill's allegations, claiming the girls' health and welfare is not in any danger and they are being well cared for in their mother's home. Oster asserts O'Neill's claims are unfounded and present no basis to change custody. The error of the trial court in this instance is to have weighed the conflicting testimony in order to determine that no prima facie case was made by the movant.

### III

[¶ 8] While Oster ultimately may be correct that O'Neill's claims are unfounded, we conclude, as a matter of law, O'Neill has presented sufficiently serious allegations, supported by affidavit, to present a prima facie case warranting an evidentiary hearing on his motion. Allegations, supported by affidavit, demonstrating a custodial environment which may be endangering the childrens' physical or mental health, are sufficient to raise a prima facie case for change of custody, entitling the movant to an evidentiary hearing. *See Quarne v. Quarne*, 1999 ND 188, ¶ 12, 601 N.W.2d 256. The trial court's failure to schedule an evidentiary hearing, therefore, was a violation of N.D.C.C. § 14–09–06.6(4) and is reversible error.

[¶ 9] If, after an evidentiary hearing, the court finds O'Neill's allegations are false and not made in good faith, the court can award costs and reasonable attorney fees against O'Neill under N.D.C.C. § 14–09–06.5.

[¶ 10] The court's order is reversed and the case is remanded for an evidentiary hearing on the motion for change of custody.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.