Filed 4/15/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 61

In the Interest of the Minor Child, Cheyanne Thompson

James Dennis Lanners, a/k/a

Jim Lanners, individually, Plaintiff and Appellant

and

Cheyanne Thompson, a 

minor child, by and through

her Guardian Ad Litem, Plaintiff

v.

Diana Johnson, f/k/a Diana

Thompson, Douglas Thompson,

and Debra Thompson, Defendants and Appellees

No. 20020255

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Gerald H. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Kelly Ann Dillon, P.O. Box 3118, Minot, N.D. 58702-3118, for plaintiff and appellant.

Frederick J. Hofman, Hofman Law Office, 116 Main Street, P.O. Box 816, Wolf Point, Montana 59201-0816, for defendants and appellees.

Lanners v. Johnson

No. 20020255

 

Sandstrom, Justice.

[¶1] James Dennis Lanners appeals from a Northwest Judicial District Court order denying his motion to amend a child custody judgment.  Lanners argues he established a prima facie case under N.D.C.C. § 14-09-06.6(4) and the district court erred in denying him his right to an evidentiary hearing.  We reverse and remand the district court’s denial of his motion to amend.

 

I

[¶2] James Lanners and Diana Johnson are the parents of a minor child born in February 1990.  Douglas and Deborah Thompson are the child’s maternal grandparents and present legal custodians.  The maternal grandparents have cared for their granddaughter all of her life and were granted legal custody of the child on August 27, 1998, under a court-approved agreement between the parents and grandparents.  On June 28, 2001, Lanners, the father, seeking custody of the child, moved for an amended judgment of the original custody order, a temporary order for custody in his immediate favor, and a contempt order on the grandparents for failing to abide by the visitation order.  On August 22, 2001, the district court denied the father’s requested interim relief for temporary custody, finding no existing change of circumstance or danger to the child that would require an immediate transfer of custody.  In the same order, the district court held the grandparents in contempt of court for a violation of the original visitation order after they failed to deliver the child to the father on his scheduled weekend.  The district court did not impose any penalties on the grandparents for the contempt citation.  In their response to the father’s motions, the grandparents argued that North Dakota Century Code section 14-09-06.6, establishing the prima facie case required before a court can modify custody, applies to this case and the father had not met his burden of establishing the material change in circumstances required under the statute.  On April 1, 2002, the district court asked the parties to research whether North Dakota Century Code section 14-09-06.6 applies to a case such as this, in which the parent is seeking a modification of custody from a non-parent.  On September 7, 2001, Johnson, the mother, filed a cross-motion for custody.  On July 15, 2002, the district court, without holding a hearing, concluded that section 14-09-06.6, N.D.C.C., applies to this case, and denied the father’s motion for amended judgment, finding he had not demonstrated a material change in circumstances that compelled a modification of custody.

[¶3] The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

 

II

[¶4] Lanners, the father, argues the district court erred in denying his motion to amend the custody order.  “A district court’s decision whether to change custody is a finding of fact subject to the clearly erroneous standard of review.”  
Kelly v. Kelly
, 2002 ND 37, ¶ 13, 640 N.W.2d 38 (citing 
Anderson v. Resler
, 2000 ND 183, ¶ 8, 618 N.W.2d 480).  “A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made.”  
Id.
  (citing N.D.R.Civ.P. 52(a)).

 

A

[¶5] The factors that must be met before the court may modify an existing child custody order are set forth under N.D.C.C. § 14-09-06.6(6):

The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of  the child.

[¶6] In a custody modification decision, a court must first consider whether there has been a material change of circumstances since the original custody decree.  N.D.C.C. § 14-09-06.6(6)(a); 
Kelly
, 2002 ND 37, ¶ 15, 640 N.W.2d 38.  If the court concludes there has been a material change in circumstances, it must then decide whether a change in custody is necessary to serve the best interests of the child.  N.D.C.C. § 14-09-06.6(6)(b).

[¶7] This Court has defined a material change in circumstances as important new facts that were unknown at the time of the initial custody decree.  
Kelly
, 2002 ND 37, ¶ 17, 640 N.W.2d 38 (citing 
Selzler v. Selzler
, 2001 ND 138, ¶ 21, 631 N.W.2d 564; 
Mayo v. Mayo
, 2000 ND 204, ¶ 16, 619 N.W.2d 631; 
In re N.C.C.
, 2000 ND 129, ¶ 18, 612 N.W.2d 561).  “‘A material change of circumstances can occur if a child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.’”  
Id.
 (quoting 
Selzler
, at ¶ 21).  The relocation of a parent or a change in the child’s preference may constitute a significant change of circumstances.  
Id.
 at ¶ 19 (citing 
Gietzen v. Gietzen
, 1998 ND 70, ¶ 10, 575 N.W.2d 924).  “Improvements in a non-custodial parent’s situation ‘accompanied by a general decline in the condition of the children with the custodial parent over the same period’ may constitute a significant change in circumstances.”  
Id.
 at ¶ 20 (quoting 
Hagel v. Hagel
, 512 N.W.2d 465, 468 (N.D. 1994)).  However, an improvement in the noncustodial parent’s life is not, by itself, enough to show a significant change in circumstances.  
Delzer v. Winn
, 491 N.W.2d 741, 744 (N.D. 1992).

[¶8] In addition to finding a material change in circumstances, a modification of custody must also be found to be necessary in serving the best interests of the child.  N.D.C.C. § 14-09-06.6(6)(b).  The factors in N.D.C.C. § 14-09-06.2(1) must be applied.  
Kelly
, 2002 ND 37, ¶ 22, 640 N.W.2d 38.  Section 14-09-06.2(1) provides:

For the purpose of custody, the best interests and welfare of the child is determined by the court’s consideration and evaluation of all factors affecting the best interests and welfare of the child.  These factors include all of the following when applicable:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community record of the child.

i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. Evidence of domestic violence. . . .

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child’s best interests.  The court shall consider that person’s history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50-25.1-02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.

[¶9] “‘In a modification proceeding, the best interests of the child must be gauged against the backdrop of the stability of the child’s relationship with the custodial parent.’”  
Kelly
, 2002 ND 37, ¶ 22, 640 N.W.2d 38 (quoting 
Blotske v. Leidholm
, 487 N.W.2d 607, 610 (N.D. 1992)).  The party seeking a modification of the custody order bears the burden of proof.  N.D.C.C. § 14-09-06.6(8).

 

B

[¶10] Lanners argues he established a prima facie case and therefore the district court erred in denying him his right to an evidentiary hearing.  Whether a court is required to provide an evidentiary hearing in a child custody modification case is determined by N.D.C.C. § 14-09-06.6(4):

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits.  The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification.  If a prima facie case is established, the court shall set a date for an evidentiary hearing.

[¶11] “A party seeking custody modification under N.D.C.C. § 14-09-06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party.”  
Hilgers v. Hilgers
, 2002 ND 173, ¶ 24, 653 N.W.2d 79
 (citing 
O’Neill v. O’Neill
, 2000 ND 200, ¶ 5, 619 N.W.2d 855). “However, where the movant’s allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14-09-06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.”  
Id.

[¶12] 
Lanners presented an affidavit to the district court, making allegations establishing a prima facie case under N.D.C.C. § 14-09-06.6(4).  The affidavit stated:

[T]he Defendants and custodians, Douglas and Debra Thompson have acknowledged that they are no longer able to care or provide for the child and have returned the child to me with the direction and demand that I in turn deliver the child to the child’s mother for custody purposes on July 15, 2001.

. . . .

The child’s dental care, hygiene, and clothing has [sic] been neglected by the Defendants . . . and it is the belief of the affiant that they have also neglected her emotionally.

Lanners’ allegations that the grandparents were transferring physical custody of the child to the child’s mother without seeking a legal modification of the original custody order and that the child was suffering from neglect by the grandparents, if proven true, would be material changes in circumstances.  The district court was also presented with an affidavit from the maternal grandmother, Debra Thompson, stating that the child “spends the second half of summers with her mother,” which lends support to Lanners’ allegation that the grandparents may be transferring physical custody of the child from themselves to the child’s mother.

[¶13] Lanners also argues that the grandparents moved the child out of state without a court order.  Lanners lives in Watertown, South Dakota.  He argues that at the time of the judgment, the grandparents lived in Watford City, North Dakota, and in January 2001, they relocated to New Mexico, which, if proven true, could also be a material change.  
Zeller v. Zeller
, 2002 ND 35, ¶ 4, 640 N.W.2d 53; 
Olson v. Olson
, 361 N.W.2d 249, 251 (1985).  The district court was also presented with the fact that the grandparents were held in contempt of court for not following through on a visitation period with Lanners as required under the child custody order.  We conclude Lanners has presented a prima facie case for modification of the original child custody order and should be afforded an opportunity to present supporting evidence.

 

III

[¶14] We reverse and remand for an evidentiary hearing on Lanners’ motion to amend custody.

[¶15] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.