2004 ND 14

**Barb MOCK, Plaintiff and Appellee**

**v.**

**Daniel MOCK, Defendant and Appellant.**

**No. 20030115.**

Supreme Court of North Dakota.

Jan. 20, 2004.

Gary H. Lee, Olson, Burns, Lee, Minot, ND, for plaintiff and appellee.

Suzanne M. Schweigert, Smith, Bakke, Oppegard, Porsborg, Wolf, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Daniel Mock appeals from a district court order denying his motion to amend a child custody order.   Daniel Mock argues he established a prima facie case under N.D.C.C. § 14–09–06.6. We reverse and remand, concluding the district court erred in determining Daniel Mock failed to establish a prima facie case enti-

tling him to an evidentiary hearing under N.D.C.C. § 14–09–06.6(4).

[¶ 2] Daniel Mock and Barb Mock were divorced in August 2000. The divorce judgment, which was based upon the parties' stipulation, provided for joint custody of the parties' minor child. The child lives with his mother, and his father exercises liberal visitation.

[¶ 3] On December 31, 2002, Daniel Mock served a Motion for Change of Custody, requesting he receive physical and legal custody of the parties' child. In his affidavit, Daniel Mock made several allegations as to Barb Mock's level of care for the child, and that Barb Mock's recent enlistment in the Air Force and move from South Dakota to Minot, North Dakota, warranted a change of custody. Daniel Mock alleged the child was suffering from medical problems; had a learning disorder resulting from abuse received from his mother; received inadequate daycare supervision; and was left by the child's mother in a home frequented by a registered sex offender.

[¶ 4] The district court concluded that Daniel Mock's affidavit failed to establish a prima facie case justifying modification and denied his motion without an evidentiary hearing. The district court ruled it would not consider evidence of behavior that took place prior to the initial stipulation. Daniel Mock filed this appeal.

## I.

[¶ 5] A party seeking modification is entitled to an evidentiary hearing if the party establishes a prima facie case by alleging in supporting affidavits, sufficient facts, which, if uncontradicted, would support a custody modification in favor of that party. *Volz v. Peterson*, 2003 ND 139, ¶ 7, 667 N.W.2d 637 (citing *Lawrence v. Delkamp*, 2003 ND 53, ¶ 7, 658 N.W.2d 758; *Quarne v. Quarne*, 1999 ND 188, ¶ 11, 601 N.W.2d 256). The procedure for resolving a motion to modify custody is set forth in N.D.C.C. § 14–09–06.6(4):

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

Under this provision, the district court must set a date for an evidentiary hearing only if the moving party presents a prima facie case. In *O'Neill v. O'Neill*, 2000 ND 200, ¶ 3, 619 N.W.2d 855 (citing *Helbling v. Helbling*, 541 N.W.2d 443, 445–46 (N.D. 1995)), this Court described a prima facie case: "The plaintiff or moving party generally bears the burden of proof. If the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in her favor, that party has made a prima facie case."

[¶ 6] This Court outlined the requirements to establish a prima facie case in *O'Neill*, at ¶ 5 (citations omitted):

A party seeking custody modification under N.D.C.C. § 14–09–06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party. Generally, the opposing party must rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested. Where the opposing party presents counter affidavits which conclu-

sively establish that the allegations of the moving party have no credibility or where the movant's allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.

[¶ 7] A material change in circumstance that establishes a prima facie case may include important new facts unknown at the time of the initial custody decree. *See Lanners v. Johnson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864 (citing *Kelly v. Kelly*, 2002 ND 37, ¶ 17, 640 N.W.2d 38). An environment that endangers the child's physical or emotional health is considered a material change in circumstance. *Lanners*, at ¶ 7. Relocation of a parent may constitute a material change in circumstance. *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924. "Improvements in a non-custodial parent's situation accompanied by a general decline in the condition of the children with the custodial parent over the same period may constitute a significant change in circumstances." *Lanners*, at ¶ 7 (citing *Kelly v. Kelly*, 2002 ND 37, ¶ 20, 640 N.W.2d 38).

[¶ 8] The affidavits presented by Daniel Mock, if the allegations are ultimately proven,[1] establish that Barb Mock has placed the parties' child in situations where his health and welfare could be in jeopardy. Daniel Mock presented affidavits to the district court, containing allegations that, if found to be true, would establish a prima facie case under N.D.C.C. § 14–09–06.6(4). The affidavit dated December 30, 2002, stated:

Barb has failed to provide a stable and emotionally healthy environment for [the child]. It is not uncommon for [the child] to wake up and not know who will be with him, who will take him to his daycare or who will pick him up at the end of the day due to Barb's shift work as a nurse and her second jobs. Although Barb has the financial means to provide for [the child], she fails to see that [the child] eats properly or gets enough rest. As a result, [the child] has a history of illness that results in the need for medical intervention. He has been to the doctor over twenty times in the past eighteen months. In November, 2002, [the child] was treated for scabies, presumed to have been contracted from an unclean sleeping environment while in Barb's care.

The affidavit dated February 4, 2003, stated:

Barb chose to leave [the child] with her sister, Bonnie, whose son was convicted on charges of child pornography, drugs, and theft. Barb left [the child] at Bonnie's house for three days prior to my getting custody of him, but now she claims that once they live in Minot this young man will no longer pose a danger to [the child's] safety. Clearly, Barb has allowed [the child's] safety to be compromised by leaving him in the care of Bonnie, knowing that her son has had numerous problems with the law.

[¶ 9] Allegations showing potential endangerment to a child's physical or mental health constitute a "significant change of circumstances which will raise a prima facie case for a modification of custody and entitlement to an evidentiary hearing." *Volz v. Peterson*, 2003 ND 139, ¶ 10, 667 N.W.2d 637 (citing *O'Neill*, 2000

---

1. Allegations of harm which prove to be unfounded subject the parent making the allegations to court costs and attorney fees.

N.D.C.C. § 14–09–06.5; *Sweeney v. Sweeney*, 2002 ND 206, ¶ 18, 654 N.W.2d 407.

ND 200, ¶8, 619 N.W.2d 855; *Quarne,* 1999 ND 188, ¶ 12, 601 N.W.2d 256). Allegations of an unusually high rate of unexplained illness, or exposure to a registered sex offender would show potential harm to a child, sufficient to establish a prima facie case.

■ [¶ 10] The party seeking modification of custody bears the burden of establishing a prima facie case and ultimately has the burden of proof at the evidentiary hearing. N.D.C.C. § 14–09–06.6(8). Under N.D.C.C. § 14–09–06.6(4), the court determines whether a party has established a prima facie case by accepting the truth of the moving party's allegations and may not weigh conflicting allegations. Accepting Daniel Mock's allegations as true, the district court erred when it did not grant an evidentiary hearing because his allegations establish a prima facie case for change of custody.[2]

## II.

■ [¶ 11] The district court misapplied the law when it failed to consider pre-divorce conduct. Daniel Mock included several allegations in his affidavits regarding Barb Mock's pre-divorce conduct. In its order the district court stated it would not consider allegations of fact which occurred prior to the parties' stipulation in a request for modification. Daniel Mock argues the district court erred when it did not consider pre-divorce conduct in its determination of whether there was a material change in circumstance sufficient to hold an evidentiary hearing. We agree.

[¶ 12] This Court has held that facts unknown at the time of the initial custody decree may constitute a material change in circumstance. *Lanners v. Johnson,* 2003 ND 61, ¶ 7, 659 N.W.2d 864 (citing *Kelly v. Kelly,* 2002 ND 37, ¶ 17, 640 N.W.2d 38). The applicable statute provides:

6. The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties.

N.D.C.C. § 14–09–06.6(6)(a).

■ [¶ 13] Pre-divorce conduct can be relevant in a custody matter when the

2. The dissent would impose the evidentiary standards used in assessing motions for summary judgments upon the affidavits required under N.D.C.C. § 14–09–06.6. *See* ¶¶ 19–21, 34. However, evidentiary standards must be higher in deciding a summary judgment motion because summary judgment determines the merits of the action and the party in whose favor judgment is entered must be "entitled to a judgment as a matter of law." N.D.R.Civ.P. 56(c). In contrast, the affidavits here are used only to determine whether the parties will have a hearing on the merits of the motion. Custody motions involve evidence about the lives of children, sometimes very young children. A strict application of Rule 56 standards will require affidavits from the children or eliminate reference to hearsay statements that the children have made to the parents. Neither result may be very desirable when trying to assess whether a hearing on the merits should occur. Requiring all allegations in the supporting affidavits to be based on firsthand knowledge makes the preliminary phase, deciding only whether to have a hearing, very cumbersome. Daniel Mock's supporting affidavits appropriately delineated what information was based on hearsay and what was based on firsthand knowledge. Any incentive to include allegations in the supporting affidavits which cannot be substantiated at a hearing should be diminished by the likelihood that costs and attorney fees may be imposed as a sanction for such inclusion. N.D.C.C. § 14–09–06.5.

divorce was stipulated and the trial court was unaware of the facts at the time of the stipulation. The district court did not premise the refusal to consider pre-divorce conduct on the court's prior knowledge of the facts. Accordingly, the district court erred when it refused to consider such facts.

[¶ 14] We reverse and remand for further proceedings.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, J., ZANE ANDERSON, District Judge, concur.

[¶ 16] The Honorable ZANE ANDERSON, District Judge, sitting in place of SANDSTROM, J., disqualified.

MARING, Justice, dissenting.

[¶ 17] I, respectfully, dissent because Daniel has not established in his affidavit sufficient facts to support a change of custody entitling him to an evidentiary hearing.

[¶ 18] Even if taken as true, Daniel's affidavit establishes only that the mother left the child with her sister for three days and that the sister has a son who has been convicted of child pornography, drugs, and theft. There are no allegations that the sister's son was ever at the home during the three days the child was there or that the child was ever in contact with the son at any time. The trial court must fill in this fact to establish a prima facie case.

[¶ 19] It is pure speculation whether the son ever presented potential harm to the child. In addition, Daniel admits that all the information he has is "second hand from [Barb's] family members." These second hand allegations are insufficient to support his claim that the child is in serious danger. None of Daniel's allegations are supported by firsthand knowledge.

Further, the mother has since moved from South Dakota to Minot, North Dakota.

[¶ 20] I am of the opinion that affidavits which support a motion for a change of custody must be based on personal knowledge, must be based on facts which would be admissible in evidence, and must show the affiant's competency to testify.

[¶ 21] When bringing a motion for summary judgment under Rule 56, N.D.R.Civ.P., supporting affidavits must be made on personal knowledge:

(e) Form of Affidavits–Further Testimony–Defense Required. *Supporting and opposing affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.*

N.D.R.Civ.P. 56(e) (emphasis added). In the context of summary judgment in other civil cases, our Court has not allowed an affiant to vary from these provisions. *See, e.g., In re Estate of Stanton,* 472 N.W.2d 741 (N.D.1991) (stating, in a will contest, affidavits opposing summary judgment must be based on personal knowledge and hearsay statements are excluded except where admissible under an exception); *Stout v. Fisher Indus., Inc.,* 1999 ND 218, 603 N.W.2d 52 (stating, in a breach of employment contract case, a party resisting summary judgment must present competent admissible evidence); *Wishnatsky v. Bergquist,* 550 N.W.2d 394 (N.D.1996) (stating, in a 42 U.S.C. § 1983 action, this Court may agree with appellant that an affidavit by the chief of police with no personal knowledge may not be proper, but interrogatories did support summary judgment); *Swenson v. N. Crop Ins., Inc.,* 498 N.W.2d 174 (N.D.1993) (stating, in an employment dispute, affidavits may be supplemented with other documents, but must be based on personal knowledge,

facts admissible, and show the affiant is competent to testify).

[¶ 22] The majority also relies on affidavit allegations concerning the child being frequently sick and making frequent doctor visits over a eighteen-month period of time. The trial judge considered these allegations minor concerns, and I would agree. The mother is a registered nurse. This is a six-year-old child, who is at an age, i.e., kindergarten or first grade, when he is exposed to a lot of other children and susceptible to ear infections, colds, etc. Such allegations are not sufficient to establish a material change in circumstances necessitating a change of custody in the best interests of the child. The change of circumstances must be material and significant, not trivial or minor.

[¶ 23] Finally, with regard to facts that occurred before the judgment was entered, the mere fact that the parties entered into a stipulation does not mean that the facts were unknown to the court. The statute requires that the facts which form the basis for a material change in circumstances of the child be unknown to the trial court at the time of the prior order. N.D.C.C. § 14–09–06.6(6)(a). Daniel never alleged in his affidavit that the facts were unknown to the court at the time of the prior order. The burden is on him to establish the prima facie case, and he failed to do so.

[¶ 24] Daniel relied on Barb's enlistment in the Air Force to support a change of circumstances for modification of custody. He clearly had a concern that their child would be moved far away from him. However, at the time of the submission of this matter to the trial court, it was undisputed that Barb would be living in Minot and stationed at the Minot Air Force Base. Daniel never alleged any other material change in circumstances.

[¶ 25] After a review of other jurisdictions' statutes on modification of custody, I have concluded North Dakota's statute, which places a burden on the movant to establish a prima facie case, is unique. *See* 4-25 MB *Child Custody and Visitation* § 25.03 (2003). North Dakota follows the motion practice-affidavit practice procedure. This is the most severe restriction placed on modification of child custody in the United States. *Id.* § 25.02. The purpose of affidavit practice is to "discourage contests over temporary custody and prevent repeated and insubstantial motions for modifications." *Id.* (citation omitted).

[¶ 26] The National Conference of Commissioners on Uniform State Laws first promulgated the Uniform Marriage and Divorce Act on August 6, 1970. Uniform Marriage and Divorce Act § 410, 9A U.L.A. 2 (Supp.2003). Minnesota adopted substantially Parts III and IV of the Act, effective March 15, 1974. *Id.* at 1, 10. *See also* Minn.Stat. §§ 518.002 to 518.66 (2002).

[¶ 27] The Uniform Marriage and Divorce Act establishes a procedure for seeking modification of a custody decree by a motion supported with affidavits.

A party seeking a temporary custody order or modification of a custody decree shall submit together with his moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

Uniform Marriage and Divorce Act § 410, 9A U.L.A. 538 (Supp.2003). The Comment to Section 410 of the Uniform Marriage and Divorce Act sets forth the purpose for affidavit practice:

> This section establishes a procedure for seeking temporary custody or a modification of a custody decree by motion supported with affidavits. The procedure is designed to result in denial of the motion without a hearing unless the court finds that the affidavits establish adequate cause for holding a hearing. The procedure will thus tend to discourage contests over temporary custody and prevent repeated or insubstantial motions for modification.

*Id.* at 539.

[¶ 28] The Minnesota statute on affidavit procedure for modification states:

> A party seeking a temporary custody order or modification of custody order shall submit together with moving papers an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of the affidavit, to other parties to the proceeding, who may file opposing affidavits.

Minn.Stat. § 518.185 (2002). Therefore, in Minnesota, a party seeking modification of child custody must submit an affidavit asserting facts to support the requested modification. *Id.* Minnesota case law requires that the affidavits establish a prima facie case to obtain an evidentiary hearing. A party moving for custody modification must establish four elements:

(1) a change in the circumstances of the child or custodian;

(2) that a modification would serve the best interests of the child;

(3) that the child's present environment endangers her physical or emotional health or emotional development; and

(4) that the harm to the child likely to be caused by the change of environment is outweighed by the advantage of change.

*Griese v. Kamp,* 666 N.W.2d 404, 407 (Minn.Ct.App.2003) (quoting *Geibe v. Geibe,* 571 N.W.2d 774, 778 (Minn.Ct.App. 1997)). To determine whether the moving party has established a prima facie case for custody modification, the district court must accept the facts in the moving party's affidavit as true. *Griese,* at 407. But if the moving party's affidavit "does not allege facts that, if true, would provide sufficient grounds for modification, the court need not grant an evidentiary hearing." *In re Weber,* 653 N.W.2d 804, 809 (Minn. Ct.App.2002).

[¶ 29] The trial court must also disregard any directly contrary statement in the nonmoving party's submissions and may only use those statements to "explain the circumstances surrounding the accusations." *Geibe v. Geibe,* 571 N.W.2d 774, 779 (Minn.Ct.App.1997). "[A] prima facie case simply means one that prevails in the absence of evidence invalidating it." *Tousignant v. St. Louis County,* 615 N.W.2d 53, 59 (Minn.2000). The question of whether to grant an evidentiary hearing rests in the discretion of the trial court. *Geibe,* at 777–78.

[¶ 30] It must be noted that the Uniform Marriage and Divorce Act and the Minnesota statute establishing affidavit procedure do not require that the affidavits establish a prima facie case. Uniform Marriage and Divorce Act § 410, 9A U.L.A. 538 (Supp.2003); Minn.Stat. § 518.185 (2002). In Minnesota, this requirement has been developed through case law. *Nice Petersen v. Nice Petersen,* 310 N.W.2d 471 (Minn.1981); *see* Robert E. Oliphant, *Children in the Law Issue: Contributors Redefining a Statute Out of*

Existence: Minnesota's View of When A Custody Modification Hearing Can Be Held, 26 Wm. Mitchell L.Rev. 711, 723 (2000).

[¶ 31] The North Dakota Legislature, however, enacted N.D.C.C. § 14–09–06.6 with the requirement that the affidavits establish a prima facie case before an evidentiary hearing is to be granted. 1997 N.D. Sess. Laws ch. 149, § 1. The legislative history for N.D.C.C. § 14–09–06.6 is sparse, and it is indiscernible if the language of our statute came in part from the Uniform Marriage and Divorce Act and in part from Minnesota case law. Knowing, however, that we have looked often to Minnesota case law for guidance in the family law area, and finding no other state that uses a prima facie case for entitlement to an evidentiary hearing,[3] it seems logical that our current statute was in part based on Minnesota case law.

[¶ 32] One thing clear from the legislative history of N.D.C.C. § 14–09–06.6 is that our Legislature recognized custodial changes are highly disruptive to children and that there must be a high bar for a noncustodial parent to modify custody. See Kelly v. Kelly, 2002 ND 37, ¶¶ 45, 48, 640 N.W.2d 38 (Maring, J., concurring in result) (setting forth that the legislative intent of N.D.C.C. § 14–09–06.6 is to make custody determinations as permanent as possible and to curtail repeat "painful, disruptive and destabilizing" custody battles). In this regard, our law embodies the purpose of §§ 409 and 410 of the Uniform Marriage and Divorce Act because it requires an affidavit procedure before a party is entitled to an evidentiary hearing on custody modification.

[¶ 33] Blacks Law Dictionary defines a prima facie case as: "1. The establishment of a legally required rebuttable presumption. 2. A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." Black's Law Dictionary 1209 (7th ed.1999). Our Court has stated that to support a prima facie case, a party must present evidence, strong enough, if uncontradicted, to support a finding in the party's favor. Helbling v. Helbling, 541 N.W.2d 443, 445 (N.D.1995) (emphasis added); Lawrence v. Delkamp, 2003 ND 53, ¶ 8, 658 N.W.2d 758 (emphasis added).

[¶ 34] In light of how easily a good lawyer can draft an affidavit to meet this standard, I believe we must require that the affidavit contain first hand knowledge; specificity and detail; facts that support a finding of a material and continuing change in the child's circumstances; and when endangerment is alleged, facts showing a "significant degree of danger" for endangerment. Geibe, 571 N.W.2d at 778. See also Robert E. Oliphant, Children in the Law Issue: Contributors Redefining a Statute Out of Existence: Minnesota's View of When A Custody Modification Hearing Can Be Held, 26 Wm. Mitchell L.Rev. 711 (2000) (pointing out that the prima facie burden is so low that a lawyer with minimal drafting ability will be able to persuade a court to grant a hearing, and concluding the prima facie burden is inconsistent with the purpose of the Minnesota statute and the Uniform Marriage and Divorce Act). For us to require less is to fail to adhere to the legislative purpose of N.D.C.C. § 14–09–06.6. See Kelly, 2002

3. The courts in Washington require that the affidavits establish a prima facie showing of "adequate cause" before a party is entitled to an evidentiary hearing. See In re the Marriage of Flynn, 94 Wash.App. 185, 972 P.2d 500, 505 (1999). Adequate cause, however, "requires something more than prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change." In re the Marriage of Roorda, 25 Wash.App. 849, 611 P.2d 794, 796 (1980).

643

ND 37, 640 N.W.2d 38 (Maring, J., concurring in result). I would encourage the Legislature to revisit our statute and the prima facie burden established therein.

[¶ 35] Daniel must show that a material change in circumstances endangers his child's physical or emotional health or development to be entitled to an evidentiary hearing on his motion. The trial court made detailed written findings indicating the reasons Daniel has not established sufficient facts for a prima facie case. The trial court did not abuse its discretion when it denied Daniel an evidentiary hearing, and I would affirm the trial court's decision.

[¶ 36] Mary Muehlen Maring.