IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of, | ) | |
| | ) | No. 38428-4-III |
| HUNTER A. SHAW | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| BRITTANIE N. SHAW, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Brittanie Shaw appeals the superior court's determination that she failed to present adequate cause to warrant a major modification of a parenting plan such that the superior court denied an evidentiary hearing on the petition for modification. Because the superior court applied the proper standard for addressing major modifications and because ample evidence supported the superior court's rejection of adequate cause, we hold that the court did not abuse its discretion. We affirm the dismissal of the petition for modification without any evidentiary hearing.

FACTS

On November 4, 2019, Brittanie and Hunter Shaw finalized their divorce and entered into an agreed parenting plan for their son and daughter. The parenting plan

placed the children with Hunter during the school year and with Brittanie during the children's summer and winter breaks. The United States military, with whom Hunter served, thereafter assigned him to the United Kingdom.

The son and daughter began attending school in the United Kingdom. Hunter enrolled the daughter for tutoring in math, but her teacher later unenrolled her from the program as unnecessary.

As part of Brittanie Shaw's 2021 petition requesting a major modification of the 2019 stipulated parenting plan, Brittanie alleged Hunter orally agreed to modify the parenting plan every two years. Hunter admitted to knowing that Brittanie sought such an agreement, but maintains that he never gave his consent.

In her petition for modification, Brittanie Shaw alleged that the son's physical and mental health deteriorated since living with Hunter in the United Kingdom. The undisputed facts establish that the son possesses a congenital heart condition. Brittanie alleges that, on one occasion when the children were under her care during the summer, she observed the son's lips and fingertips turn blue. Brittanie took the son to a cardiologist, who diagnosed no worsening in the heart.

Brittanie Shaw further argued that the son struggled with attention deficit hyperactivity disorder (ADHD) after the move to the United Kingdom. To the contrary, when Hunter took the son for an assessment, the psychologist diagnosed no ADHD. Despite reports of the son suffering bullying in school, his school progress report

2

established improvement in his academic performance and self-confidence while

attending school in the United Kingdom.

As part of the 2021 petition to modify the 2019 parenting plan, Brittanie Shaw

asserted that the daughter's mental health, social skills, and academic performance

declined since living with Hunter in the United Kingdom. According to Brittanie, the

daughter struggled with anxiety, social phobia disorder, adjustment disorder, depression,

and suicidal thoughts while living under Hunter's care. The record shows that a

professional diagnosed the daughter with adjustment disorder and social phobia disorder

after living in the United Kingdom. But the professional ruled out depression and

continuing suicidal thoughts.

Hunter Shaw unsuccessfully attempted to procure a mental health assessment for

the daughter in the United Kingdom. Therefore, Brittanie assumed this task while the

daughter was present in the United States under Brittanie's care in the summer of 2021.

The daughter first visited a mental health professional at the end of June 2021. The

professional diagnosed the daughter with social phobia disorder. At the second visit at

the beginning of July 2021, another mental health professional diagnosed the daughter

with both social phobia disorder and adjustment disorder. During the June 2021 visit, the

daughter disclosed that she experienced suicidal thoughts during the two months leading

to that visit. Nevertheless, the daughter reported the thoughts had ended.

On behalf of her petition for a parenting plan modification, Brittanie Shaw alleged that Hunter's health and lifestyle underwent substantial changes. She argued that, because of these changes, Hunter can no longer properly care for the children. Hunter replied that he struggles with a sleeping problem, for which he is seeking help. He admitted to visiting the emergency room twice in July 2020 because of chest pains. The testing done during both visits, however, revealed muscle spasms instead of pain related to a heart condition.

Brittanie Shaw complained about Hunter's use of alcohol and video game habits. Nevertheless, Brittanie knew Hunter drank alcohol during their marriage. Hunter denies having an alcohol problem, but he admits drinking an occasional beer. He drank beer and played video games during a visit to the United Kingdom by Brittanie. Hunter averred that Brittanie encouraged him to participate in this activity and treat her visit as a vacation from the care of the children.

PROCEDURE

In 2021, Brittanie Shaw petitioned for a major modification of the parenting plan on two independent grounds. She asserted that Hunter orally agreed to modify the parenting plan every two years. She asseverated that adequate cause supported her requested modification because of a substantial change in circumstances with respect to the lives of Hunter and the children. The superior court rejected both grounds and denied

4

the petition at the conclusion of an adequate cause hearing. The court denied Brittanie an

evidentiary hearing on the petition.

LAW AND ANALYSIS

Adequate Cause

On appeal, Brittanie Shaw contends she presented sufficient evidence to support

an adequate cause finding to allow an evidentiary hearing on her petition for a major

parenting plan modification. She asks that we remand the case for the evidentiary

hearing. In support of her appeal, she contends the superior court failed to apply the

correct standard for a determination of adequate cause, erroneously found that the parties

lacked an agreement to modify the plan every two years, relied on hearsay, and

mistakenly found no substantial change in circumstances.

RCW 26.09.260 and RCW 26.09.270 govern modification of a parenting plan. *In

re Marriage of MacLaren*, 8 Wn. App. 2d 751, 768, 400 P.3d 1055 (2019).

RCW 26.09.260, the substantive statute, declares in relevant part:

> (1) . . . [T]he court shall not modify a prior custody decree or a
> parenting plan unless it finds, upon the basis of facts that have arisen since
> the prior decree or plan or that were unknown to the court at the time of the
> prior decree or plan, that a substantial change has occurred in the
> circumstances of the child or the nonmoving party and that the modification
> is in the best interest of the child and is necessary to serve the best interests
> of the child. . . .
> (2) In applying these standards, the court shall retain the residential
> schedule established by the decree or parenting plan unless:
> (a) The parents agree to the modification;

(b) The child has been integrated into the family of the petitioner with the consent of the other parent in substantial deviation from the parenting plan;
(c) The child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

RCW 26.09.270, the procedural statute, reads:

A party seeking a temporary custody order or a temporary parenting plan or modification of a custody decree or parenting plan shall submit together with his or her motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his or her affidavit, to other parties to the proceedings, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

Brittanie Shaw impliedly argues that the superior court must accept as verities the evidence presented in her declarations when assessing adequate cause. She in essence advocates for a summary judgment standard wherein the trial court accepts the facts and reasonable inferences from those facts in this instance presented by the moving party, not the nonmoving party. Brittanie cites *In re Marriage of Flynn*, 94 Wn. App. 185, 191, 972 P.2d 500(1999) for this proposition. We disagree. Such a standard only applies when the petitioner seeks a minor modification to the parenting plan.

To establish adequate cause for a hearing on a major parenting plan modification the moving party must "present facts and evidence to support findings under RCW 26.09.260(1) and (2)(c)." *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 774,

6

440 P.3d 1055 (2019). The burden of showing adequate cause requires more than allegations that, if proven true, would establish a prima facie case supporting modification. *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 774 (2019). The trial court considers and weighs the facts averred by the parties in the affidavits, the evidence, and other factors on a case-by-case basis. *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 774 (2019).

Brittanie Shaw argues, as she did before the superior court, that Hunter agreed to review the parenting plan every two years. Hunter denied, and still denies, any agreement. The superior court weighed the evidence and concluded no agreement existed. We review an adequate cause determination for an abuse of discretion. *In re Parentage of Jannot*, 110 Wn. App. 16, 18, 37 P.3d 1265(2002), *aff'd*, 149 Wn.2d 123, 65 P.3d 664 (2003). The superior court did not abuse its discretion when finding no agreement existed based on the testimony of Hunter.

Brittanie Shaw argues that, because the trial court did not apply the *Timmons* rule when rejecting her assertion that she and Hunter Shaw agreed to modify the parenting plan every two years prior to entering into the parenting plan, it failed to consider Washington's policies regarding parenting cases. Under the *Timmons* rule, pre-decree facts are unknown, within the meaning of RCW 26.09.260 and for the purposes of a petition to modify a parenting plan, when a dissolution was uncontested. *In re Marriage of Timmons*, 94 Wn.2d 594, 599-600, 617 P.2d 1032 (1980). Contrary to Brittanie's

7

assertion, however, the *Timmons* rule cannot apply to facts that never existed.  Also,

Brittanie never mentioned the *Timmons* rule before the superior court.  We may refuse to

review any claim of error not raised in the trial court.  RAP 2.5(a).

On appeal, Brittanie Shaw contends the superior court impermissibly relied on

hearsay evidence in denying her petition to modify the parenting plan.  We decline to

review this assignment of error because Brittanie never sought to exclude evidence before

the superior court.  To preserve error for an evidentiary ruling, the appellant must have

timely objected or moved to strike the evidence before the superior court.  ER 103(a)(1).

In turn, we may refuse to review any claim of error not raised in the trial court.

RAP 2.5(a).

Despite asserting evidentiary error for the first time on appeal, Brittanie Shaw

argues this reviewing court should entertain her argument based on *SentinelC3, Inc. v.*

*Hunt*, 181 Wn.2d 127, 141, 331 P.3d 40(2014), and *In re Wagner*, 18 Wn. App. 2d 588,

496 P.3d 742 (2021).  Brittanie cites, from *SentinelC3, Inc. v. Hunt*, language that

evidence submitted in opposition to summary judgment must be admissible.  *SentinelC3,*

*Inc. v. Hunt*, 181 Wn.2d 127, 141 (2014).  This passage only concerns a summary

judgment proceeding and does not address the failure to object before the trial court.

Brittanie claims *In re Wagner* stands for the proposition that, regardless of whether there

is an objection or not, the trial court should be mindful of the evidentiary restrictions on

hearsay evidence, and avoid reliance on such incompetent evidence.  As Hunter

highlights, Brittanie did not provide a pin cite to the case because the *In re Wagner* opinion does not contain such language.

We move to the substance of the petition to modify the 2019 parenting plan. Brittanie Shaw identifies the son's heart condition, attention deficit, and poor school performance as substantial changes in circumstances since the 2019 parenting plan. We disagree. The son's heart condition existed before the plan. Although the son experienced his fingertips and lips turning blue, testing revealed no change in condition. The record shows no concrete diagnosis of ADHD. The son's performance in school has progressed while attending school in the United Kingdom.

Brittanie Shaw identifies the daughter's mental and emotional health difficulties and behavior in social settings as substantial changes in circumstances. The daughter received both a social phobia disorder diagnosis and an adjustment disorder diagnosis after entry of the 2019 parenting plan. Nevertheless, Brittanie does not show that the mental health difficulties resulted from living with Hunter, that Hunter failed to take adequate steps to address the difficulties, or that Brittanie would have better addressed the condition. Hunter sought counseling for the daughter at school. Hunter alerted Brittanie to the difficulties so that Brittanie could obtain an evaluation when the daughter joined Brittanie for the summer. The daughter no longer reports suicidal thoughts or depression.

Brittanie Shaw alleges substantial changes in Hunter's health and lifestyle. According to Brittanie, Hunter Shaw encountered serious health issues since moving to the United Kingdom. She emphasizes Hunter went to the emergency room twice in July 2020 for chest pains and left the children with strangers. Hunter presented facts to the contrary. He experienced muscle spasms after exercising with the children. He left the children with his new wife on each occasion he went to the emergency room.

Brittanie Shaw next argues that Hunter's lifestyle has changed since he and the children moved to the United Kingdom in that he disproportionately drinks alcohol and excessively plays video games. Nevertheless, Brittanie knew Hunter consumed alcohol during their marriage. According to Hunter, Brittanie encouraged him to play video games on the one occasion she observed his playing while she visited the United Kingdom. Brittanie asserts that Hunter's drinking habits render the children tardy to school. Hunter disagrees that his drinking caused any tardies. His new wife now makes certain the children arrive on time to school.

We review an adequate cause ruling by the superior court for an abuse of discretion. *In re Parentage of Jannot*, 110 Wn. App. 16, 18(2002). The superior court's decision fell within the range of evidence presented by the parties. Since the superior court reasonably concluded that Brittanie Shaw failed to establish a substantial change in circumstances, we affirm the denial of adequate cause. We need not decide whether any modification would serve the best interests of the children.

10

Attorney Fees

Hunter Shaw requests that this court award him reasonable attorney fees and costs on appeal on two grounds. First, Brittanie forwarded a frivolous appeal. Second, he has a need for fees and Brittanie has the ability to pay.

Under RAP 18.9(a), this court may award one party fees and costs against an opposing party who files a frivolous appeal. We consider the following factors when resolving whether an appeal is frivolous:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not for that reason alone frivolous; (5) an appeal is frivolous if there are no debatable issues on which reasonable minds might differ, and the appeal is so totally devoid of merit that there was no reasonable possibility of reversal.

*Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94 P.3d 961 (2004).

We carefully reviewed all of the arguments forwarded by Brittanie Shaw. She misquoted the evidentiary standard that the trial court applies when addressing a major modification to a parenting plan. She reargued the facts when this court must defer to the superior court as to the facts. She asserted hearsay objections on appeal that she never forwarded before the superior court. We conclude that Brittanie did not raise any debatable issues on appeal. We award reasonable attorney fees and costs to Hunter because of a frivolous appeal.

No. 38428-4-III
*In re: Shaw v. Shaw*


CONCLUSIONS

We affirm the superior court's rejection of Brittanie Shaw's petition for

modification of the parties' parenting plan. We grant Hunter Shaw fees on appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Staab, J.

12